**08 C 170**

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION
WACHOVIA BANK, NATIONAL ASSOCIATION,)

|  |  |  |
|---|---|---|
| *Plaintiff,* | ) | |
| | ) | Case No. 2007L13958 |
| v. | ) | The Honorable Alexander White, |
| | ) | Presiding Judge |
| | ) | |
| CASA DE CAMBIO MAJAPARA S.A. de C.V., | ) | **JUDGE ST. EVE** |
| a.k.a. Majapara Casa de Cambio S.A. de C.V., | ) | **MAGISTRATE JUDGE COLE** |
| and JOM CORPORATION OF ILLINOIS | ) | |
| | ) | |
| *Defendant,* | ) | |
| | ) | |
| Harris N.A., a National Association, | ) | |
| | ) | |
| *Garnishee.* | ) | |

## TEMPORARY RESTRAINING ORDER

This Cause coming on to be heard pursuant to 735 ILCS 5/11-101 of the Code of Civil Procedure on the Emergency Motion For Ex Parte Temporary Restraining Order against Defendant JOM Corporation of Illinois, supported by the Complaint and attachments thereto, and the previously filed Affidavit of Carlos Perez (and supplemental Affidavit thereto), the Court finding and it appearing from the record and proceedings conducted by the Court that:

A.     Defendant JOM Corporation of Illinois has been committing acts or may be about to commit further acts that will result in the potential for immediate and irreparable harm, loss or damage to Plaintiff in the form of transferring, dissipating or removing property or assets of JOM to outside the Court's jurisdiction, thereby irreparably frustrating and hindering Plaintiff's right to pursue or collect such assets or property in these proceedings, if advance notice were to be given to said Defendant herein;

- 10 -

B.     Plaintiff has provided a "fair question" of demonstrating an entitlement to a reasonable likelihood of success on the merits of its claims, as contained in and alleged by its Complaint and affidavits;

C.     Plaintiff would suffer irreparable harm and would be without an adequate remedy at law to the underlying claims  in its Complaint if the assets or property of JOM were or continued to be transferred, dissipated or otherwise disposed of pending the resolution of the merits of the underlying litigation herein;

**IT IS HEREBY ORDERED AND ADJUDGED AS FOLLOWS:**

1.     That Plaintiff's Motion For Entry of an Ex Parte Temporary Restraining Order is hereby GRANTED;

2.     That Defendant JOM Corporation of Illinois, its agents, officers, shareholders and attorneys, and all persons in active concert and participation with it, be and they hereby are restrained and enjoined from transferring or otherwise dissipating or removing in any fashion any monies, assets or property in its possession, custody or control up to the amount of $25 million (US$), including but not limited to any and all monies, properties, assets and accounts held or maintained, directly or indirectly, at the Harris Bank or at any other banking facility, until further order of court;

3.     That this Temporary Restraining Order shall expire within ten (10) days after entry herein unless, for good cause shown under 735 ILCS 5/11-101, the Order herein is extended.

CHILIB-2127442.1-MDRichma-999906-00840 12/17/07 10:29 AM

4.    That this Temporary Restraining Order, Plaintiff's Complaint and Plaintiff's Emergency Motion For Entry of Ex Parte Temporary Restraining Order, together with Summons issuing, shall immediately be served upon Defendant JOM Corporation of Illinois at its last known registered agent in Illinois and all other parties hereto in the same manner as provided for in the December 14, 2007 Order for Attachment.

5.    That Plaintiff's Motion For Expedited Discovery pursuant to Supreme Court Rule 201(d) is GRANTED.  Plaintiff shall be entitled to immediately propound written and oral discovery with shortened return dates thereon of no less than 2 days upon service thereof, directed to all issues involving or relating to any and all corporate and/or business relationships between JOM Corporation of Illinois, Majapara, and JOM Corporation, including but not limited to any and all assets or property held or maintained by JOM in any Illinois banking facility.

ISSUED at Chicago at ____ a.m/p.m, December 17, 2007.

The Honorable Alexander P. White

ENTERED

DEC 17 2007

- 12 -

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

|  |  |
|---|---|
| WACHOVIA BANK, NATIONAL ASSOCIATION,   ) | |
|                 ) | |
|     Plaintiff,             ) | |
|                 ) | Case No. 2007L13958 |

WACHOVIA BANK, NATIONAL ASSOCIATION,   )
                )
    Plaintiff,             )
                )   Case No. 2007L13958
    v.                )
                )
CASA DE CAMBIO MAJAPARA S.A. de C.V.,   )
a.k.a. Majapara Casa de Cambio S.A. de C.V.,   )
and JOM CORPORATION OF ILLINOIS   )
                )
    Defendant,           )
                )
Harris N.A., a National Association,   )
                )
    Garnishee.          )

## AFFIDAVIT OF Arlene Rentas-Novoa

     I, Arlene Rentas-Novoa, being first duly sworn upon oath state as follows:

     1.    I have personal knowledge of the facts contained herein and, if called upon as a witness, I could and would competently testify thereto.

     2.    I am Associate of Wachovia Bank, N.A. ("Wachovia").

     3.    Casa de Cambio Majapara S.A. de C.V. ("Majapara") is a Wachovia customer.

     4.    JOM Corporation of Illinois ("JOM") is or was an Illinois corporation which, upon information and belief, had its principal place of business at 3506 W. 26th St., Chicago, Illinois.

     5.    Illinois Secretary of State records show that JOM was voluntarily dissolved on or about December 29, 2006.

     6.    Upon information and belief, JOM and Majapara have one or more common officers and/or directors.

7.   Upon information and belief, "JOM" stands for "Jorge Ortiz Munoz," who is Majapara's Chairman and CEO.

8.   Upon information and belief, JOM and Majapara have one or more common owners and/or JOM is a subsidiary of Majapara.

9.   According to Illinois Secretary of State records, JOM used the Assumed Name of "Majapara-Chicago."

10.   Although JOM was dissolved approximately a year ago, upon information and belief, it is still engaging in business.

11.   In fact, in October and November 2007, JOM (a dissolved corporation according to Illinois Secretary of State records) transferred $5,615,666 from its Harris Bank account (entitled, upon information and belief, "JOM Corp of Illinois DBA Majapara-Chicago) directly to a Majapara account at Wachovia.

12.   Documentation reflecting one such recent transfer from JOM to Majapara is attached hereto as ~~Exhibit A~~

FURTHER AFFIANT SAYETH NOT

Executed this 17th day of December 2007 in *CHARLOTTE, NORTH CAROLINA*.

By: _____

~~(signature illegible)~~ *NOVOA*

# EXHIBIT A

```
J7142A              *** IFT II TRANSACTION INQUIRY ***   11:03F1956-0-12 12/12/07
CASE:                          ACCOUNTING

ISN: 6-071105-191077-000A      USD        61,233.85    VDATE:   11/05/07
                 D E B I T                       C R E D I T
ACCT NO  :   601 0000010400008      ACCT NO  : 601 2000192003887
ACCT NAME:   FEDRESB              ACCT NAME: MAJCASCAM MX ME 2
RCVD:                             SENT: MAJAPARA CASA DE CAMBIO S.A.
                           IL           MEXICO, D.F. MEXICO        MX
                                  BENE REF : NONE
                                  TRAN DEST: IN      PAY VIA: IN

      CHIPS REFERENCE INFORMATION       NET SEQ IN :
                                        NET SEQ OUT:
                                        DIR SEQ IN : 003524
                                        DIR SEQ OUT:


CONVERTED AMT:        61,233.85   COMMISSION  :      0.00
EXCHANGE RATE:   0.000000000000   WIRE CHARGES:      0.00

SEG:         PF1=PAGE BACK, PF2=J7 MENU,  PF3=SIGN-OFF, PF5=SELECT SCREEN,
             PF6=SEARCH SCREEN, PF8=ENTER CASE #, PF9=NEXT ISN, PF10=IPS
*** INSERT CASE NUMBER IF TRANSACTION BELONGS TO EXISTING CASE ***
DEPRESS 'ENTER' FOR BENEFICIARY BANK DATA
```

```
J7142A              *** IFT II TRANSACTION INQUIRY ***   11:03F1956-0-12 12/12/07
CASE:                          TEXT RECORDS
ISN: 6-071105-191077-000A      USD        61,233.85    VDATE:   11/05/07
        ORIGINATING CUSTOMER               ORIGINATING BANK
TYPE: ORG= FORMAT:  CD CREATOR: A     TYPE: OGB= FORMAT:  PF CREATOR: A
/00008                                601FEDRESB          000010400008
                  NO.13 DBA MAJAPARA
CHICAGO           60623                                   IL


                    BANK TO BANK INFO
TYPE:      FORMAT:    CREATOR:




SEG:         PF1=PAGE BACK, PF2=J7 MENU,  PF3=SIGN-OFF, PF5=SELECT SCREEN,
             PF6=SEARCH SCREEN, PF8=ENTER CASE #, PF9=NEXT ISN, PF10=IPS

DEPRESS 'ENTER' FOR TIMESTAMP
```



**CYBER**DRIVEILLINOIS

JESSE WHITE
SECRETARY OF STATE

SERVICES    PROGRAMS    PRESS    PUBLICATIONS    DEPARTMENTS    CONTACT

## CORPORATION FILE DETAIL REPORT

| | | | |
|---|---|---|---|
| Entity Name | JOM CORPORATION OF ILLINOIS | File Number | 59772023 |
| Status | DISSOLVED | | |
| Entity Type | CORPORATION | Type of Corp | DOMESTIC BCA |
| Incorporation Date (Domestic) | 01/22/1998 | State | ILLINOIS |
| Agent Name | MICHAEL E. FRYZEL | Agent Change Date | 01/22/1998 |
| Agent Street Address | 100 W MONROE ST STE 1900 | President Name & Address | LUIS V ECHEVERRIA 8684 AVENIDA DE LA FUENTE #16 SAN DIEGO CA |
| Agent City | CHICAGO | Secretary Name & Address | VOLUNTARY DISSOLUTION 12 29 06 |
| Agent Zip | 60603 | Duration Date | PERPETUAL |
| Annual Report Filing Date | 00/00/0000 | For Year | 2007 |
| Assumed Name | INACTIVE - MAJAPARA-CHICAGO | | |

**Return to the Search Screen**

BACK TO CYBERDRIVEILLINOIS.COM HOME PAGE

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

WACHOVIA BANK,                        )
NATIONAL ASSOCIATION,                 )
                                      )
        *Plaintiff,*                  )
                                      )        Case No.  07L13958
        v.                            )
                                      )
MAJAPARA CASA DE CAMBIO S.A. de C.V., )
a Mexican corporation,                )
                                      )
        *Defendant,*                  )
                                      )
HARRIS N.A., an Illinois corporation, )
                                      )
        *Garnishee.*                  )

## PLAINTIFF'S EMERGENCY MOTION FOR LEAVE TO AMEND CAPTION AND FOR SUPPLEMENT ORDER OF ATTACHMENT, *INSTANTER*

Plaintiff, Wachovia Bank, National Association ("Plaintiff" or "Wachovia"), hereby submits its Emergency Motion pursuant to 735 ILCS 5/2-616 and 5/2-412 of the Code of Civil Procedure seeking leave of court to amend, *instanter,* the name of the corporate defendant in these proceedings to be reflected as "Casa de Cambio Majapara S.A. de C.V. a.k.a. Majapara Casa de Cambio S.A. de C.V." and to supplement the order of attachment entered in this case on December 14, 2007.  In support thereof, Wachovia states as follows:

1.    On December 14, 2007, Wachovia filed its Emergency Motion For Order of Attachment pursuant to 735 ILCS 5/4-101, *et seq.,* supported by the Affidavit of Carlos A. Perez, and directed against defendant Majapara Casa de Cambio S.A. De C.V. and garnishee Harris N.A.

2.    On December 14, 2007, this Court granted Wachovia's Emergency Motion and entered an Order of Attachment directed against Majapara Casa De Cambio S.A. de C.V. and

garnishee, Harris N.A.  On that same day, this Court approved Wachovia's posting of an Attachment Bond.

3.     Shortly after entry of the December 14, 2007 Order of Attachment and approval of the Attachment Bond, it came to the attention of Wachovia that the correct corporate name of the defendant is "Casa de Cambio Majapara S.A. de C.V.", rather than "Majapara Casa De Cambio S.A. de CV."

4.     To Wachovia's knowledge, Casa de Cambio Majapara S.A. de C.V. is also known as Majapara Casa de Cambio S.A. de C.V. and has been referred to by that latter name (which Wachovia used in the initial papers filed in this action) in various business transactions engaged in by Wachovia, including the foreign exchange transactions that are at issue in these proceedings.

5.     Wachovia is concurrently filing the Supplemental Affidavit of Carlos A. Perez, which confirms the reason for making the change in the defendant's corporate name for these proceedings.

6.     Upon this Court's granting of this Motion, Wachovia stands ready and able to submit for immediate filing, a Rider (endorsement) to its Attachment Bond adding Casa de Cambio Majapara S.A. de C.V. to the bond.  Wachovia further requests the entry of a Supplemental Order of Attachment to add the name Casa de Cambio Majapara S.A. de C.V. to the Order for Attachment.  Pursuant to §2-412 of the Code of Civil Procedure, the Supplemental Order For Attachment and the rider to the Bond should not impair the original Order and Bond filed in these proceedings on December 14, 2007, but rather, supplements it accordingly.

**WHEREFORE,** Plaintiff Wachovia Bank, National Association prays for the following relief: (1) that its Emergency Motion For Leave to Amend Caption And For Supplemental Order of Attachment, *Instanter*, be GRANTED; (2) that the identity of the corporate defendant in these proceeding shall be amended for all purposes to be "Casa de Cambio Majapara S.A. de C.V. a.k.a. Majapara Casa de Cambio S.A. de C.V."; (3) that the Court enter the "Supplemental Order for Attachment and Summons" to add Casa de Cambio Majapara S.A. de C.V.; and (5) for such other relief as this Court deems just and proper.

Dated: December 17, 2007

Respectfully submitted,
***WACHOVIA BANK, N.A.***
Plaintiff,

By: _____
One of Its Attorneys

Barry S. Rosen
Michael D. Richman
Michael S. Leib
REED SMITH
10 S. Wacker Drive
Chicago, IL 60606

Attorneys for Plaintiff

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

WACHOVIA BANK, N.A.,                    )
                                         )
    Plaintiff,                      )
                                         )       Case No. 2007L13958
    v.                              )
                                         )
CASA DE CAMBIO MAJAPARA S.A. de C.V.,   )
a.k.a. Majapara Casa de Cambio S.A. de C.V.   )
                                         )
    Defendant,                      )
                                         )
Harris N.A., a National Association,    )
                                         )
    Garnishee.                      )

### SUPPLEMENTAL AFFIDAVIT OF CARLOS A. PEREZ

I, Carlos A. Perez, being first duly sworn upon oath state as follows:

1.    I have personal knowledge of the facts contained herein and, if called upon as a witness, I could and would competently testify thereto.

2.    On Thursday December 13, 2007, I signed an affidavit in the above cause reflecting that Majapara Casa de Cambio S.A. de C.V. ("Majapara"), a Mexican corporation, is a customer of my group.

3.    The correct corporate entity is named Casa de Cambio Majapara S.A. de C.V.

4.    Casa de Cambio Majapara S.A. de C.V is also known as Majapara Casa de Cambio S.A. de C.V. and has been referred to by that name in various business transactions, including the foreign exchange confirmations which were attached as Exhibit B to my earlier affidavit.

Executed this 16th day of December 2007 in Miami, Florida.

By: _____
       Carlos A. Perez

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

| | | |
|---|---|---|
| WACHOVIA BANK,<br>NATIONAL ASSOCIATION, | ) | |
| | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| | ) | Case No. 07L13958 |
| v. | ) | |
| | ) | |
| MAJAPARA CASA DE CAMBIO S.A. de C.V., | ) | |
| a Mexican corporation, | ) | |
| | ) | |
| *Defendant,* | ) | |
| | ) | |
| HARRIS N.A., an Illinois corporation, | ) | |
| | ) | |
| *Garnishee.* | ) | |

## ORDER

Plaintiff having appeared before this Court on its Emergency Motion for Leave to Amend, *Instanter*, and the Court being fully advised in the premises, **IT IS HEREBY ORDERED**:

1.    Plaintiff's Emergency Motion for Leave to Amend, *Instanter*, is GRANTED;

2.    The identity of the corporate defendant in these proceedings shall be amended for all purposes to be "Casa de Cambio Majapara S.A. de C.V. a.k.a. Majapara Casa de Cambio S.A. de C.V., and the caption of the case shall be amended accordingly.

Dated: December 17, 2007

ENTER: _____

**Judge**

ENTERED
WHITE - 0241
DEC 17 2007
CLERK OF THE CIRCUIT COURT
COOK COUNTY, IL

Barry S. Rosen
Michael D. Richman
Michael S. Leib
REED SMITH, LLP
10 S. Wacker Drive
Chicago, Illinois 60606-7507
(312) 207-1000
Firm I.D. # 43456

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION**

| | |
|---|---|
| **WACHOVIA BANK,** | ) |
| **NATIONAL ASSOCIATION,** | ) |
| | ) |
| *Plaintiff,* | ) |
| | )     Case No. 07L13958 |
| v. | ) |
| | ) |
| **MAJAPARA CASA DE CAMBIO S.A. de C.V.,** | ) |
| **a Mexican corporation,** | ) |
| | ) |
| *Defendant,* | ) |
| | ) |
| **HARRIS N.A., an Illinois corporation,** | ) |
| | ) |
| *Garnishee.* | ) |

## PLAINTIFF'S EMERGENCY MOTION FOR LEAVE TO ADD DEFENDANT

Plaintiff, Wachovia Bank, National Association ("Plaintiff" or "Wachovia"), hereby submits its Emergency Motion to add a new defendant, JOM Corporation of Illinois, to the caption. In support thereof, Wachovia states as follows:

1.     On December 14, 2007, Wachovia filed its Emergency Motion For Order of Attachment pursuant to 735 ILCS 5/4-101, *et seq.,* supported by the Affidavit of Carlos A. Perez, and directed against defendant Majapara Casa De Cambio S.A. de C.V. (actual name Casa de Cambio S.A. de C.V. a.k.a. Majapara Casa de Cambio S.A. de C.V.) ("Majapara") and garnishee Harris N.A. By filing the Affidavit, Wachovia began an action and was given a case number. Wachovia did not file a Complaint at that time.

2.     Wachovia has decided to include an additional defendant, JOM Corporation of Illinois ("JOM of Illinois"), in its Complaint it plans to file today, as Wachovia has reason to believe JOM of Illinois is an alter ego of Majapara. In addition, since JOM of Illinois has a bank account at Garnishee Harris N.A. and has sent millions of dollars to Majapara in the last few

months, Wachovia is filing today a temporary restraining order requesting that the Court temporarily enjoin JOM of Illinois from transferring its assets pending a hearing before this Court on a preliminary injunction motion.

3.     Although Wachovia has not yet filed its Complaint (which it intends to do today), to avoid confusion, Wachovia requests an Order from the Court adding JOM Corporation of Illinois to the caption of the case.

**WHEREFORE,** Plaintiff Wachovia Bank, National Association requests that the Court enter an Order adding JOM Corporation of Illinois to the caption of the case and for such other relief as the Court deems just and proper.

Dated: December 17, 2007

Respectfully submitted,
*WACHOVIA BANK, N.A.*
Plaintiff,

By:_____
One of Its Attorneys

Barry S. Rosen
Michael D. Richman
Michael S. Leib
REED SMITH
10 S. Wacker Drive
Chicago, IL 60606

Attorneys for Plaintiff

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

| | |
|---|---|
| WACHOVIA BANK, NATIONAL ASSOCIATION, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 2007L13958 |
| | ) |
| CASA DE CAMBIO MAJAPARA S.A. de C.V., | ) |
| a.k.a. Majapara Casa de Cambio S.A. de C.V., | ) |
| and JOM CORPORATION OF ILLINOIS | ) |
| | ) |
| Defendant, | ) |
| | ) |
| Harris N.A., a National Association, | ) |
| | ) |
| Garnishee. | ) |

## <u>AFFIDAVIT OF Arlene Rentas-Novoa</u>

I, Arlene Rentas-Novoa, being first duly sworn upon oath state as follows:

1.    I have personal knowledge of the facts contained herein and, if called upon as a witness, I could and would competently testify thereto.

2.    I am Associate of Wachovia Bank, N.A. ("Wachovia").

3.    Casa de Cambio Majapara S.A. de C.V. ("Majapara") is a Wachovia customer.

4.    JOM Corporation of Illinois ("JOM") is or was an Illinois corporation which, upon information and belief, had its principal place of business at 3506 W. 26th St., Chicago, Illinois.

5.    Illinois Secretary of State records show that JOM was voluntarily dissolved on or about December 29, 2006.

6.    Upon information and belief, JOM and Majapara have one or more common officers and/or directors.

7.    Upon information and belief, "JOM" stands for "Jorge Ortiz Munoz," who is Majapara's Chairman and CEO.

8.    Upon information and belief, JOM and Majapara have one or more common owners and/or JOM is a subsidiary of Majapara.

9.    According to Illinois Secretary of State records, JOM used the Assumed Name of "Majapara-Chicago."

10.    Although JOM was dissolved approximately a year ago, upon information and belief, it is still engaging in business.

11.    In fact, in October and November 2007, JOM (a dissolved corporation according to Illinois Secretary of State records) transferred $5,615,666 from its Harris Bank account (entitled, upon information and belief, "JOM Corp of Illinois DBA Majapara-Chicago) directly to a Majapara account at Wachovia.

12.    Documentation reflecting one such recent transfer from JOM to Majapara is attached hereto as Exhibit A.

FURTHER AFFIANT SAYETH NOT

Executed this 17th day of December 2007 in *CHARLOTTE , NORTH CAROLINA* .

By: _____

# EXHIBIT A

```
J7142A              *** IFT II TRANSACTION INQUIRY ***   11:03F1956-0-12 12/12/07
CASE:                        ACCOUNTING

ISN: 6-071105-191077-000A    USD        61,233.85   VDATE:   11/05/07
            D E B I T                          C R E D I T
ACCT NO  :   601 0000010400008     ACCT NO  : 601 2000192003887
ACCT NAME:   FEDRESB              ACCT NAME: MAJCASCAM MX ME 2
RCVD:                             SENT: MAJAPARA CASA DE CAMBIO S.A.
                            IL          MEXICO, D.F. MEXICO          MX
                                  BENE REF : NONE
                                  TRAN DEST: IN         PAY VIA: IN

      CHIPS REFERENCE INFORMATION    ,   NET SEQ IN :
                                       NET SEQ OUT:
                                       DIR SEQ IN : 003524
                                       DIR SEQ OUT:

CONVERTED AMT:        61,233.85    COMMISSION  :      0.00
EXCHANGE RATE:   0.000000000000    WIRE CHARGES:      0.00

SEG:           PF1=PAGE BACK, PF2=J7 MENU,  PF3=SIGN-OFF, PF5=SELECT SCREEN,
               PF6=SEARCH SCREEN, PF8=ENTER CASE #, PF9=NEXT ISN, PF10=IPS
*** INSERT CASE NUMBER IF TRANSACTION BELONGS TO EXISTING CASE ***
DEPRESS 'ENTER' FOR BENEFICIARY BANK DATA
```

```
J7142A              *** IFT II TRANSACTION INQUIRY ***   11:03F1956-0-12 12/12/07
CASE:                        TEXT RECORDS

ISN: 6-071105-191077-000A    USD        61,233.85   VDATE:   11/05/07
        ORIGINATING CUSTOMER                   ORIGINATING BANK
TYPE: ORG= FORMAT:  CD CREATOR: A    TYPE: OGB= FORMAT:  PF CREATOR: A
```

```
                                     601FEDRESB        -  000010400008

                                                          IL


                      BANK TO BANK INFO
TYPE:      FORMAT:       CREATOR:




SEG:           PF1=PAGE BACK, PF2=J7 MENU,  PF3=SIGN-OFF, PF5=SELECT SCREEN,
               PF6=SEARCH SCREEN, PF8=ENTER CASE #, PP9=NEXT ISN, PF10=IPS

DEPRESS 'ENTER' FOR TIMESTAMP
```



CYBERDRIVEILLINOIS

JESSE WHITE
SECRETARY OF STATE

| SERVICES | PROGRAMS | PRESS | PUBLICATIONS | DEPARTMENTS | CONTACT |

## CORPORATION FILE DETAIL REPORT

| | | | |
|---|---|---|---|
| Entity Name | JOM CORPORATION OF ILLINOIS | File Number | 59772023 |
| Status | DISSOLVED | | |
| Entity Type | CORPORATION | Type of Corp | DOMESTIC BCA |
| Incorporation Date (Domestic) | 01/22/1998 | State | ILLINOIS |
| Agent Name | MICHAEL E. FRYZEL | Agent Change Date | 01/22/1998 |
| Agent Street Address | 100 W MONROE ST STE 1900 | President Name & Address | LUIS V ECHEVERRIA 8684 AVENIDA DE LA FUENTE #16 SAN DIEGO CA |
| Agent City | CHICAGO | Secretary Name & Address | VOLUNTARY DISSOLUTION 12 29 06 |
| Agent Zip | 60603 | Duration Date | PERPETUAL |
| Annual Report Filing Date | 00/00/0000 | For Year | 2007 |
| Assumed Name | INACTIVE - MAJAPARA-CHICAGO | | |

**Return to the Search Screen**

BACK TO CYBERDRIVEILLINOIS.COM HOME PAGE

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION**

WACHOVIA BANK,          )
NATIONAL ASSOCIATION,   )
                        )
*Plaintiff,*            )
                        )      Case No.  07L13958
v.                      )
                        )
MAJAPARA CASA DE CAMBIO S.A. de C.V., )
a Mexican corporation,  )
                        )
*Defendant,*            )
                        )
HARRIS N.A., an Illinois corporation, )
                        )
*Garnishee.*            )

**ORDER**

Plaintiff coming before the Court on its Emergency Motion for Leave to Add Defendant and the Court being advised in the premises, **IT IS HEREBY ORDERED:**

Plaintiff's Motion is GRANTED.  JOM Corporation of Illinois is added as a defendant to the caption of the case.

The return date of Jan 11, 2008 on the Order for Attachment and Summons is stricken and the return date is now January 10, 2008 at 9:30 am.

Dated: December 17, 2007

**ENTER:** _____
                                    Judge

A preliminary injunction on Plaintiff's Emergency Motion for Entry of Ex Parte TRO is set for December 27, 2007 at 11:15 am, against JOM Corp of Illinois. The Court waives any requirement for bond; no bond is required on Plaintiff's Motion for TRO.

Barry S. Rosen
Michael D. Richman
Michael S. Leib
REED SMITH, LLP
10 S. Wacker Drive
Chicago, Illinois  60606-7507
(312) 207-1000
Firm I.D. # 43456

**ENTERED**
JUDGE ALEXANDER P. WHITE - 0241
DEC 17 2007
DOROTHY BROWN
CLERK OF THE CIRCUIT COURT
OF COOK COUNTY, IL
DEPUTY CLERK

- 3 -

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

| | |
|---|---|
| WACHOVIA BANK, NATIONAL ASSOCIATION, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )    Case No. 2007L13958 |
| | ) |
| CASA DE CAMBIO MAJAPARA S.A. de C.V., | ) |
| a.k.a. Majapara Casa de Cambio S.A. de C.V., | ) |
| and JOM CORPORATION OF ILLINOIS | ) |
| | ) |
| Defendant, | ) |
| | ) |
| Harris N.A., a National Association, | ) |
| | ) |
| Garnishee. | ) |

### SUPPLEMENTAL ORDER FOR ATTACHMENT AND SUMMONS

Plaintiff's Motion for Leave to Amend having been granted, and the identity of the corporate Defendant Casa De Cambio Majapara S.A. de C.V. having been amended for all purposes to be "Casa De Cambio Majapara S.A. de C.V. a.k.a. Majapara Casa de Cambio S.A. de C.V." and the Court being fully advised in the premises:

**IT IS HEREBY ORDERED** that the Order for Attachment entered against the property of Majapara Casa De Cambio S.A. de C.V. in case number 07 L 13958 on December 14, 2007 ("Order for Attachment") IS HEREBY SUPPLEMENTED to apply in addition to the property of Casa de Cambio Majapara S.A. de C.V.

Dated: December 17, 2007

ENTER: _____
                                Judge

Barry S. Rosen
Michael D. Richman
Michael S. Leib
REED SMITH, LLP
10 S. Wacker Drive
Chicago, Illinois 60606-7507
(312) 207-1000
Firm I.D. # 43456

ENTERED
JUDGE KATHY P. WHITE - 0241
DEC 17 2007
DOROTHY BROWN
CLERK OF THE CIRCUIT COURT
COUNTY, IL

I hereby certify that the document to which this certification is affixed is a true copy.
Date DEC 26 2007
Dorothy Brown
Clerk of the Circuit Court
of Cook County, IL

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
**COUNTY DEPARTMENT, LAW DIVISION**

| | |
|---|---|
| WACHOVIA BANK, NATIONAL ASSOCIATION, | ) |
| | ) |
| Plaintiff, | ) |
| | )     Case No. 2007L13958 |
| v. | ) |
| | ) |
| CASA DE CAMBIO MAJAPARA S.A. de C.V., | ) |
| a.k.a. Majapara Casa de Cambio S.A. de C.V., | ) |
| and JOM CORPORATION OF ILLINOIS | ) |
| | ) |
| Defendants, | ) |
| | ) |
| Harris N.A., a National Association, | ) |
| | ) |
| Garnishee. | ) |

**NOTICE OF FILING**

PLEASE TAKE NOTICE that, on December 17, 2007, we filed with the Clerk of the Circuit Court of Cook County, Illinois, a Rider to the Bond for Prejudgment Attachment that was previously filed on December 14, 2007, a copy of which is enclosed herewith and hereby served upon you.

Dated: December 17, 2007

                      Respectfully submitted,
                      *WACHOVIA BANK, N.A.*
                      Plaintiff,

                      By: _____
                         One of Its Attorneys

Barry S. Rosen
Michael D. Richman
Michael S. Leib
REED SMITH, LLP
10 S. Wacker Drive
Chicago, Illinois 60606-7507
(312) 207-1000
Firm I.D. # 43456
Attorneys for Plaintiff

## CHUBB GROUP OF INSURANCE COMPANIES

15 Mountain View Road, Warren, NJ 07059

**FEDERAL INSURANCE COMPANY**

Incorporated under the laws of Indiana

## RIDER

To be attached to and form part of Bond Number:      **8195-90-12**

| | |
|---|---|
| Plaintiff | **WACHOVIA BANK, N.A.,** |
| Defendant | **MAJAPARA CASA DE CAMBIO S.A. de C.V.** |
| Garnishee | **HARRIS, N.A., A NATIONAL ASSOCITAION** |
| In favor of | **CIRCUIT COURT OF COOK COUNTY CHICAGO ILLINOIS** |
| Type of Bond | **BOND FOR PREJUDEMENT ATTACHMENT** |

In consideration of the agreed premium for this bond, it is understood and agreed that **FEDERAL INSURANCE COMPANY** consents that effective from the 17th **Day of December, 2007** said bond shall be amended as follows:

**Amend Defendant Name:**

> *From:*   **MAJAPARA CASA DE CAMBIO S.A. de C.V.**

> *To:*   **CASA de CAMBIO MAJAPARA S.A. de C.V. a.k.a. MAJAPARA CASA de CABMIO S. A. de C.V.**

**Provide coverage for attachment of assets in the name of:**

> *:*   **CASA de CAMBIO MAJAPARA S.A. de C.V. and**
> **MAJAPARA CASA de CABMIO S. A. de C.V.**

Provided, however, that the attached bond shall be subject to all its agreements, limitations and conditions except herein expressly modified, and further that the liability of the Surety under the attached bond and the bond as amended by this rider shall not be cumulative.

Signed, Sealed and dated this 17th **Day of December, 2007**

WACHOVIA BANK, N.A.                          FEDERAL INSURANCE COMPANY

By: _____                  By: _____
Joseph E. Hunnicutt, Sr. Vice President            Karen Griffie, Attorney-In-Fact

Notary: _____               Notary: _____



| | Chubb<br>Surety | POWER<br>OF<br>ATTORNEY | Federal Insurance Company<br>Vigilant Insurance Company<br>Pacific Indemnity Company | Attn: Surety Department<br>15 Mountain View Road<br>Warren, NJ 07059 |

Know All by These Presents, That FEDERAL INSURANCE COMPANY, an Indiana corporation, VIGILANT INSURANCE COMPANY, a New York corporation, and PACIFIC INDEMNITY COMPANY, a Wisconsin corporation, do each hereby constitute and appoint **Joe E. Hunnicutt, Ann D. Woodruff and Karen Griffie of Charlotte, North Carolina**

each as their true and lawful Attorney- in- Fact to execute under such designation in their names and to affix their corporate seals to and deliver for and on their behalf as surety thereon or otherwise, bonds and undertakings and other writings obligatory in the nature thereof (other than bail bonds) given or executed in the course of business, and any instruments amending or altering the same, and consents to the modification or alteration of any instrument referred to in said bonds or obligations.

In Witness Whereof, said FEDERAL INSURANCE COMPANY, VIGILANT INSURANCE COMPANY, and PACIFIC INDEMNITY COMPANY have each executed and attested these presents and affixed their corporate seals on this **27th** day of October, 2005

_Kenneth C. Wendel_
Kenneth C. Wendel, Assistant Secretary

_John P. Smith_
John P. Smith, Vice President

STATE OF NEW JERSEY
County of Somerset } ss.

On this **27th** day of October, 2005 before me, a Notary Public of New Jersey, personally came Kenneth C. Wendel, to me known to be Assistant Secretary of FEDERAL INSURANCE COMPANY, VIGILANT INSURANCE COMPANY, and PACIFIC INDEMNITY COMPANY, the companies which executed the foregoing Power of Attorney, and the said Kenneth C. Wendel, being by me duly sworn, did depose and say that he is Assistant Secretary of FEDERAL INSURANCE COMPANY, VIGILANT INSURANCE COMPANY, and PACIFIC INDEMNITY COMPANY and knows the corporate seals thereof, that the seals affixed to the foregoing Power of Attorney are such corporate seals and were thereto affixed by authority of the By- Laws of said Companies; and that he signed said Power of Attorney as Assistant Secretary of said Companies by like authority; and that he is acquainted with John P. Smith, and knows him to be Vice President of said Companies; and that the signature of John P. Smith, subscribed to said Power of Attorney is in the genuine handwriting of John P. Smith, and was thereto subscribed by authority of said By- Laws and in deponent's presence.

Notarial Seal



KAREN A. EDER
Notary Public, State of New Jersey
No. 2231647
Commission Expires Oct. 26, 2009

_Karen Eder_
Notary Public

## CERTIFICATION

Extract from the By- Laws of FEDERAL INSURANCE COMPANY, VIGILANT INSURANCE COMPANY, and PACIFIC INDEMNITY COMPANY:

"All powers of attorney for and on behalf of the Company may and shall be executed in the name and on behalf of the Company, either by the Chairman or the President or a Vice President or an Assistant Vice President, jointly with the Secretary or an Assistant Secretary, under their respective designations. The signature of such officers may be engraved, printed or lithographed. The signature of each of the following officers: Chairman, President, any Vice President, any Assistant Vice President, any Secretary, any Assistant Secretary and the seal of the Company may be affixed by facsimile to any power of attorney or to any certificate relating thereto appointing Assistant Secretaries or Attorneys- in- Fact for purposes only of executing and attesting bonds and undertakings and other writings obligatory in the nature thereof, and any such power of attorney or certificate bearing such facsimile signature or facsimile seal shall be valid and binding upon the Company and any such power so executed and certified by such facsimile signature and facsimile seal shall be valid and binding upon the Company with respect to any bond or undertaking to which it is attached."

I, Kenneth C. Wendel, Assistant Secretary of FEDERAL INSURANCE COMPANY, VIGILANT INSURANCE COMPANY, and PACIFIC INDEMNITY COMPANY (the "Companies") do hereby certify that

(i)    the foregoing extract of the By- Laws of the Companies is true and correct,

(ii)   the Companies are duly licensed and authorized to transact surety business in all 50 of the United States of America and the District of Columbia and are authorized by the U.S. Treasury Department; further, Federal and Vigilant are licensed in Puerto Rico and the U.S. Virgin Islands, and Federal is licensed in American Samoa, Guam, and each of the Provinces of Canada except Prince Edward Island; and

(iii)  the foregoing Power of Attorney is true, correct and in full force and effect.

Given under my hand and seals of said Companies at Warren, NJ this

17th Day of December, 2007



_Kenneth C. Wendel_
Kenneth C. Wendel, Assistant Secretary

IN THE EVENT YOU WISH TO NOTIFY US OF A CLAIM, VERIFY THE AUTHENTICITY OF THIS BOND OR NOTIFY US OF ANY OTHER MATTER, PLEASE CONTACT US AT ADDRESS LISTED ABOVE, OR BY   Telephone (908) 903-3493  Fax (908) 903-3656
e-mail: surety@chubb.com

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

| | | |
|---|---|---|
| WACHOVIA BANK, NATIONAL ASSOCIATION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 2007L13958 |
| v. | ) | |
| | ) | |
| CASA DE CAMBIO MAJAPARA S.A. de C.V., | ) | |
| a.k.a. Majapara Casa de Cambio S.A. de C.V., | ) | |
| and JOM CORPORATION OF ILLINOIS | ) | |
| | ) | |
| Defendants, | ) | |
| | ) | |
| Harris N.A., a National Association, | ) | |
| | ) | |
| Garnishee. | ) | |

### COMPLAINT

Plaintiff Wachovia Bank, N.A. ("Wachovia") brings this action against Defendants Casa de Cambio Majapara S.A. de C.V. a.k.a. Majapara Casa De Cambio S.A. de C.V. ("Majapara") and JOM Corporation of Illinois ("JOM"). As grounds therefore, Plaintiff states as follows:

### PRELIMINARY STATEMENT

1.    This action arises from Majapara's misappropriation of over $38 million (US$) of Wachovia's money relating to a series of foreign exchange spot transactions between the parties. Foreign exchange spot transactions, due to their frequency, the speed at which the transactions are agreed and closed, and the manner in which funds are simultaneously exchanged, are founded upon trust. Majapara, however, abused that trust -- a trust that was established through years of currency trading with Wachovia -- to plunder more than $38 Million from Wachovia.

2.    Majapara's action was not a mere renege on a multi-million dollar transaction wherein Majapara returned Wachovia's property when it realized it could not complete the foreign currency exchange. Subsequent conversations with Majapara make it apparent that

Majapara never intended to honor its commitments but, instead, had decided to wrongfully keep Wachovia's money and abscond with it. In these after-the-fact conversations, Majapara admitted to Wachovia that, at the time it accepted Wachovia's funds, Majapara was illiquid, that it had engaged in illicit activities in relation to its foreign exchange transactions, and threatened that, if Wachovia took any steps to enforce its rights, Wachovia's judgment would be uncollectible. Through this action for breach of contract, promissory estoppel, unjust enrichment, fraud, and alter ego liability, Wachovia seeks a judgment against Majapara and JOM Corporation of Illinois (as alter ego of Majapara) for $24,711,845 (the amount of Wachovia's loss less offsets currently obtained), plus prejudgment interest and costs.

## PARTIES AND JURISDICTION

3.    Plaintiff Wachovia is a national banking association with its principal place of business in Charlotte, North Carolina. Wachovia has offices in Illinois.

4.    Upon information and belief, Defendant Majapara is a Mexican corporation with its principal place of business in Mexico City, Mexico. Upon information and belief, Defendant Majapara utilizes a bank account at a Chicago branch of Harris N.A. to transact business and it transacts business in Illinois on a continuous and systematic basis. Further, upon information and belief, Defendant Majapara transacts business on a continuous and systematic basis through an alter ego, Defendant JOM Corporation of Illinois ("JOM"), which is or was an Illinois corporation with its principal place of business at 3506 W. 26th Street in Chicago, Illinois.

5.    Upon information and belief, JOM voluntarily dissolved on or about December 29, 2006, but still transacts business. Upon information and belief, JOM transacts business as Majapara.

6.    Upon information and belief, Garnishee Harris N.A. ("Harris Bank") is an Illinois

- 2 -

national banking association with its principal place of business in Chicago, Illinois.

      7.     Jurisdiction is appropriate in this case pursuant to 735 ILCS 5/2-209.

      8.     Venue is appropriate in this case pursuant to 735 ILCS 5/2-101 because Defendant

JOM is an Illinois corporation who, upon information and belief, has or had its principal place of

business in Cook County and part of the transactions herein arose in Cook County.

**FACTS COMMON TO ALL COUNTS**

**The Majapara Relationship With Wachovia**

      9.     Starting in or about 1998, Majapara and First Union National Bank ("First Union"),

a predecessor to Wachovia, agreed to enter into foreign exchange transactions together.  In these

transactions, Majapara would agree to purchase from First Union a certain amount of one

currency in exchange for Majapara selling to First Union an equivalent amount of another

currency at the applicable exchange rate.

      10.    In order to facilitate Majapara and First Union entering into these currency

exchange transactions, on or about April 6, 2000, Majapara and First Union entered into a First

Union Online FX Subscription Agreement (the "FX Subscription Agreement"), a copy of which

is attached hereto as Exhibit A.  Pursuant to the FX Subscription Agreement, Majapara was

permitted to execute foreign exchange transactions with First Union electronically through First

Union's foreign exchange website.  This, however, was not the exclusive method for the parties

to enter into foreign exchange spot transactions.

      11.    Effective April 1, 2002, Wachovia merged into and under the charter of First Union

with the resulting title of Wachovia Bank, National Association.  As a result of the merger, First

Union changed its name to Wachovia Bank, National Association.  As a result of the merger, the

FX Subscription Agreement was assigned to Plaintiff Wachovia.

**The Foreign Exchange Transactions At Issue**

12.    On or about December 5, 2007, Majapara and Wachovia agreed to a series of seven (7) transactions, all of which were to settle on December 7, 2007, whereby Wachovia would deliver an aggregate of 26 million Euros to Majapara and Majapara would deliver an aggregate of $38,132,700 to Wachovia. These transactions required Majapara to transfer dollars directly to Wachovia at a Wachovia-owned New York account. Six (6) of the transactions were executed on Wachovia's foreign exchange internet website. One (1) of the transactions was executed over the telephone. Copies of the confirmations for these transactions are attached hereto as Exhibit B.

13.    Pursuant to these seven (7) foreign exchange agreements, on December 7, 2007, Wachovia sent 26 million Euros to Majapara. Majapara failed to deliver the agreed upon $38,132,700.00 to Wachovia, as required, on December 7, 2007.

14.    On or about December 13, 2007, the General Director of Majapara admitted that Majapara is obligated to provide the agreed upon currency to Wachovia.

15.    Despite its failure to pay Wachovia for the over $38 million worth of Euros that Wachovia sent to Majapara, Majapara tried to place additional trades with Wachovia on December 7, 2007, knowing that it could not cover such additional trades or its existing obligation to deliver the dollars. Wachovia was able to stop such additional trades from being executed.

16.    Moreover, on December 11, 2007, after refusing to pay Wachovia over $38 million for the exchange, Majapara sought to drain an account held at Wachovia by attempting to transfer over $9 million out of that account.

17.  By opening an account at Wachovia, Majapara agreed to Wachovia's Terms & Conditions for Global Financial Institutions, which, under its terms, grants Wachovia setoff rights.  <u>See</u> Terms and Conditions, attached hereto as Exhibit C.  Through its setoff rights, Wachovia was able to secure $13,420,155, which came into Majapara's accounts at Wachovia, but has not been able to recover the remaining amount Wachovia is owed.  Some of the amount recovered represents conditional credit that may be subject to reduction by reason of return of items (in this case, checks) for which this credit was given (<u>see</u> next Paragraph).

18.  Majapara also maintains five (5) U.S. dollar accounts at Wachovia.  As to each of these accounts, Wachovia has contingent residual exposure to cover returned items in the federal check clearing program.  Majapara is obligated to reimburse Wachovia for these amounts, but has now stated it is unable to and will not meet its financial obligations.  This liability has averaged $3.3 million per month for the last several months.

## JOM Is The Alter Ego Of Majapara

19.  JOM is or was an Illinois corporation which, upon information and belief, had its principal place of business in Chicago, Illinois.

20.  Illinois Secretary of State records show that JOM was voluntarily dissolved on or about December 29, 2006.  A copy of the Secretary of State records is attached hereto as Exhibit D.

21.  Upon information and belief, JOM and Majapara have common officers and/or directors.

22.  Upon information and belief, "JOM" stands for "Jorge Ortiz Munoz," who is Majapara's Chairman and CEO.

23.   Upon information and belief, JOM and Majapara have one or more common owners and/or JOM is a subsidiary of Majapara.

24.   According to the Illinois Secretary of State records, JOM used the Assumed Name of "Majapara-Chicago."

25.   Although JOM was dissolved approximately a year ago, upon information and belief, it is still engaging in business.

26.   In fact, in October and November 2007, JOM (a dissolved corporation according to Illinois Secretary of State records) transferred $5,615,666 from its Harris Bank account (entitled, upon information and belief, "JOM Corp of Illinois DBA Majapara-Chicago) directly to a Majapara account at Wachovia.

27.   Documentation reflecting one such recent transfer from JOM to Majapara is attached at Exhibit E.

28.   Upon information and belief, JOM is an alter ego of Majapara and JOM's assets, accordingly, can be utilized to satisfy Majapara's debts to Wachovia.

## COUNT I

### (Breach of Contract Against Majapara)

29.   Plaintiff realleges and reincorporates the allegations in Paragraphs 1 through 28.

30.   As set forth above, Wachovia entered into a series of currency exchange agreements with Majapara.

31.   Majapara breached those agreements by failing to deliver the currency as agreed upon by the parties.

32.   Wachovia has fulfilled its obligations under the agreements.

33.  As a result of Majapara's breaches, Wachovia has suffered damage in the amount of not less than $24,711,845.00, plus interest, plus the amount of any contingent residual exposure as set forth in Paragraph 18 above.

## COUNT II

### (Promissory Estoppel Against Majapara – Alternate Count)

34.  Plaintiff realleges and reincorporates the allegations in Paragraphs 1 through 28.

35.  In the event it is found that no oral or written contract existed between Majapara and Wachovia in relation to the seven (7) foreign exchange spot transactions at issue here, equity intervenes, creating the necessary consideration to support an agreement requiring Majapara to pay Wachovia not less than $24,711,845 in return for accepting currency from Wachovia.

36.  Majapara promised to deliver certain currency to Wachovia in return for Wachovia delivering certain currency to Majapara.

37.  In reliance on Majapara's agreement to deliver certain currency to Wachovia, Wachovia delivered approximately $38 million worth of currency to Majapara.

38.  Wachovia has requested the funds from Majapara.

39.  To date Majapara has not provided the required currency to Wachovia.

40.  Wachovia, however, has been able to obtain certain Majapara funds and offset the amount owed by $13,420,155 (subject to reduction for the reasons set forth in Paragraph 18 above).

41.  Wachovia has no adequate remedy at law.

42.  As a result, Majapara has been unjustly enriched to the detriment of Wachovia.

## COUNT III

### (Unjust Enrichment Against Majapara – Alternate Count)

43. Plaintiff realleges and reincorporates the allegations in Paragraphs 1 through 28.

44. In the event it is found that no oral or written contract existed between Majapara and Wachovia in relation to the seven (7) foreign exchange transactions at issue here, equity would still require Majapara to pay Wachovia an amount not less than $24,711,845 in return for accepting currency from Wachovia.

45. Majapara promised to deliver certain currency to Wachovia in return for Wachovia delivering certain currency to Majapara.

46. In reliance on Majapara's agreement to deliver certain currency to Wachovia, Wachovia delivered approximately $38 million worth of currency to Majapara.

47. Majapara did not deliver any currency to Wachovia.

48. Wachovia, however, has been able to obtain certain Majapara funds and offset the amount owed by $13,420,155 (subject to reduction for the reasons set forth in Paragraph 18 above).

49. Wachovia requested that Majapara deliver the currency it is owed.

50. To date, Majapara has neither delivered the required currency to Wachovia, nor returned return the currency Wachovia sent to it.

51. Majapara has unjustly retained this benefit to the detriment of Wachovia.

52. Majapara's retention of this benefit violates fundamental principles of justice, equity and good conscience.

53. Wachovia has no adequate remedy at law.

## COUNT IV

### (Fraud Against Majapara)

54.   Plaintiff realleges and reincorporates the allegations in Paragraphs 1 through 28.

55.   As set forth above, on or about December 5, 2007, Majapara and Wachovia entered into a series of seven (7) currency exchange transactions.

56.   Pursuant to the parties' agreement, in exchange for the delivery of 26 million Euros from Wachovia, Majapara agreed to deliver $38,132,700 (US$) to Wachovia.

57.   Upon information and belief, at the time Majapara entered into the December 5, 2007 agreement and at the time it accepted Wachovia's funds, it knew it was illiquid and insolvent and incapable of performing its obligations under the parties' agreement.

58.   Notwithstanding its knowledge, Majapara represented to Wachovia that it would deliver $38,132,700.00 (US$) to Wachovia to settle the transactions. Upon information and belief, at the time of the transactions, Majapara knew it would not deliver the required currency and was acting under a present intent to deceive Wachovia and abscond with its funds. Its representations to Wachovia were false and materially misleading. In forwarding the funds to Majapara, Wachovia had the right to rely on Majapara's representations.

59.   Majapara's fraudulent intent was confirmed in conversations Wachovia subsequently had with representatives of Majapara.

60.   For example, on or about December 13, 2007, Carlos A. Perez, a Managing Director of Wachovia, spoke with Jorge Ortiz Munoz, the Chairman and CEO of Majapara by telephone, and Mr. Ortiz acknowledged that Majapara, prior to settlement of the transactions, knew that it was experiencing "a liquidity crisis." Mr. Ortiz stated that Majapara had received Wachovia's Euros and lent the money to third parties. When Mr. Perez confronted Mr. Ortiz

concerning the transaction and the illegality of Majapara's actions since, as a Casa de Cambio, under Mexican law Majapara is not permitted to make loans, Mr. Ortiz responded, "I recognize that I have done something that is not permitted."

61.    Due to Majapara's "liquidity crisis" and other impermissible activities relating to its currency transactions, Majapara did not have sufficient funds to complete the exchange with Wachovia.    Majapara nonetheless accepted Wachovia's funds, knowing that it would be incapable of repaying the funds to Wachovia.

62.    Majapara then claimed to have used some or all of the Wachovia funds to engage in impermissible lending transactions and otherwise dissipated the assets received from Wachovia, all the while failing to fulfill its immediate obligation to transfer over $38 million to Wachovia.

63.    Wachovia entered into the transactions and delivered 26 million Euros to Majapara in reasonable reliance upon Majapara's representations that it was going to deliver the requisite currency.

64.    As a result of Majapara's fraud, Wachovia has been damaged in an amount to be determined at trial, but not less than $24,711,845.

## COUNT V

## (Breach of Contract/Anticipatory Repudiation Against Majapara)

65.    Plaintiff realleges and reincorporates the allegations in Paragraphs 1 through 28.

66.    As set forth above, Majapara maintains five (5) US dollar accounts at Wachovia. Under these accounts, Wachovia has contingent residual exposure to cover returned items in the federal check clearing program -- this contingent liability is a continuing concern.  In this regard, Wachovia is entitled to immediate reimbursement from Majapara for the amounts Wachovia is required to pay out.

67.   Over the last several months, this liability has averaged $3.3 million per month.

68.   So far this month, Wachovia has already had to cover certain residual liabilities for which Majapara, in breach of its agreements with Wachovia, has not reimbursed Wachovia.  As a result, Majapara breached the parties' agreement and is indebted to Wachovia.

69.   Additionally, Majapara has already stated to Wachovia that it is illiquid and unable to satisfy its obligations owed to Wachovia.  Accordingly, Majapara has anticipatorily breached and/or repudiated its agreements with Wachovia by stating it will not be immediately reimbursing Wachovia for these obligations now or when they come due.

70.   Wachovia has performed all of its obligations under its agreements with Majapara.

71.   Consequently, Wachovia has been damaged by Majapara's breach of the parties' agreement and will continue to be damaged by Majapara's anticipatory breach of the parties' agreement in an amount to be determined at trial.

## COUNT VI

### (Alter Ego Liability Against JOM)

72.   Plaintiff realleges and reincorporates the allegations in Paragraphs 1 through 28.

73.   Upon information and belief, there is a such unity of interest and ownership between Majapara and JOM that the separate corporate personalities should no longer be recognized.

74.   Adherence to the fiction of separate corporate existence would sanction fraud or promote injustice upon creditors, such as Wachovia.

75.   Upon information and belief, JOM is the alter ego of Majapara.

76.   As the alter ego of Majapara, JOM is liable to Wachovia for Majapara's liability to Wachovia under this Complaint.

**WHEREFORE**, Plaintiff respectfully requests judgment in its favor and against Defendants Majapara and JOM and for an order as follows:

(i)     On the First, Second, Third, and Fourth Causes of Action, monetary damages in an amount to be determined at trial, but not less than $24,711,845.00, plus prejudgment interest;

(ii)    On the Fifth Cause of Action, monetary damages in an amount to be determined at trial, plus prejudgment interest;

(iii)   On the Sixth Cause of Action, monetary damages, plus prejudgment interest, against JOM under Counts One through Five to the same extent as Majapara as the alter ego of Majapara;

(iv)    Punitive damages in connection with the Fraud account against both defendants;

(v)     An award of costs, expenses and attorneys' fees attendant to this action; and

(vi)    Such other and further relief as this Court deems just and proper.

Dated: December 17, 2007

Respectfully submitted,
*WACHOVIA BANK, N.A.*
Plaintiff,

By: _____
One of Its Attorneys

Barry S. Rosen
Michael D. Richman
Michael S. Leib
REED SMITH, LLP
10 S. Wacker Drive
Chicago, Illinois  60606-7507
(312) 207-1000
Firm I.D. # 43456
Attorneys for Plaintiff

- 12 -