IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| WACHOVIA BANK, N.A., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 08 C 170 |
| | ) | |
| CASA DE CAMBIO MAJAPARA S.A. de C.V., | ) | Judge St. Eve |
| and JOM CORPORATION OF ILLINOIS, | ) | |
| | ) | Magistrate Judge Cole |
| Defendants. | ) | |

**MOTION FOR EXTENSION**
**TO ANSWER OR OTHERWISE RESPOND TO COMPLAINT**

Defendant Casa de Cambio Majapara S.A. de C.V. ("Majapara") hereby respectfully requests an extension of 30 days within which to answer or otherwise respond to the complaint in this matter. In support of this motion, Majapara states as follows:

1. Majapara is a Mexican corporation with its principal place of business in Mexico City, Mexico. Plaintiff, Wachovia Bank, N.A. ("Wachovia"), commenced this action by filing an emergency and *ex parte* motion for an order of attachment, and a complaint, in the Circuit Court of Cook County, Illinois, on or about December 14, 2007. Upon information and belief, Wachovia filed a similar motion for attachment order and similar complaint, in the United States District Court for the Southern District of New York later that day. Both complaints purport to plead the same five counts against Majapara, and both seek the same damages (approximately $24.7 million). Copies of the complaints filed in Illinois and New York are attached as Exhibits A and B.[1]

---

[1] Wachovia amended its complaint in the New York action, and the amended complaint is provided here for the sake of efficiency. The caption of the Illinois complaint purports to list a second defendant, JOM Corporation of Illinois ("JOM") – but Wachovia's motion to add JOM as a defendant was not granted by the Illinois state court prior to the case being removed to federal court.

2. On or about January 4, 2008, counsel for Majapara informed counsel for Wachovia that she had only recently been retained, and requested an extension of 30 days to respond to both the Illinois and New York complaints. *See* Exhibit C. Counsel for Wachovia agreed to the extension in New York, and the federal court in New York accordingly granted the 30-day extension. See Exhibit D.

3. On January 8, 2008, Majapara removed the Illinois action from state court to this Court, and again requested that Wachovia agree to a 30-day extension – similar to that already agreed to and ordered in the New York action – to respond to the complaint in this Illinois action. See Exhibit E at 2. As of the time of filing of this motion, counsel for Wachovia has informed us that he has not received a response from Wachovia to our request for extension in the matter before this Court, notwithstanding Majapara's renewed request on January 9. (Ex. E at 1)[2]

4. Under Rule 81(c)(2)(C), absent an extension, Majapara's answer or other response to the complaint here would be due January 15, *i.e,* five business days after filing the notice of removal. *See also* Fed. R. Civ. P. 6(a)(2).

5. Majapara submits that the requested 30-day extension is reasonable, that Majapara will be prejudiced absent the extension, and that the extension will promote judicial efficiency. As noted, Majapara, a Mexican corporation located in Mexico, was only recently able to retain U.S. counsel, and is faced with overlapping suits in two U.S. federal courts, in which the same plaintiff purports to plead the same five causes of action and to seek the same $24.7 million (approximately) in damages – not to mention two *ex parte* attachment orders that have already been entered without Majapara's voice being heard. Majapara may also have

---

[2] Majapara's instant request for an extension should not, of course, be construed either as a general appearance, or as a consent to personal jurisdiction, service of process, etc. Majapara expressly reserves its rights in this regard.

substantial counterclaims against Wachovia, in light of, *inter alia*, Wachovia's precipitous and unwarranted termination of the parties' banking and foreign exchange relationship, which has resulted in great damage to Majapara.  A 30-day extension is already in place with respect to the overlapping New York complaint, and an according extension here would give Majapara, the parties – and the Court – an opportunity to begin to address these matters, and such things as the appropriate venue for this dispute, in a more efficient and perhaps less duplicative manner.

WHEREFORE, Defendant Casa de Cambio Majapara S.A. de C.V. respectfully requests that the Court grant it an extension of 30 days, to and including February 14, 2008, to answer or otherwise respond to the complaint in this matter.

January 9, 2008                                         Respectfully submitted,

                                                        CASA DE CAMBIO MAJAPARA S.A. de C.V.

                                                        By:    /s/ Celiza P. Bragança
                                                               One of its attorneys

                                                        Celiza P. Braganca
                                                        Thomas D. Brooks
                                                        SPERLING & SLATER, P.C.
                                                        55 West Monroe Street, Suite 3300
                                                        Chicago, Illinois 60603
                                                        312/641-3200

## CERTIFICATE OF SERVICE

    I, Celiza P. Bragança, certify that I caused a true and correct copy of the foregoing MOTION FOR EXTENSION TO ANSWER OR OTHERWISE RESPOND TO COMPLAINT, to be served upon:

Barry S. Rosen
Michael D. Richman
Michael S. Leib
REED SMITH, LLP
10 S. Wacker Drive
Chicago, Illinois 60606

Robert C. Samko, P.C.
100 West Monroe Street, Suite 1900
Chicago, Illinois 60603

electronically this 9th day of January, 2008.


                                                             /s/ Celiza P. Bragança