IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **WACHOVIA BANK, NATIONAL ASSOCIATION,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| **CASA DE CAMBIO MAJAPARA S.A. de C.V.**, a.k.a. ) | Case No. 08 CV 170 |
| **Majapara Casa de Cambio S.A. de C.V.** and **JOM** ) | |
| **CORPORATION OF ILLINOIS,** ) | |
| ) | Honorable Amy J. St. Eve |
| Defendant, ) | |
| ) | |
| and ) | |
| ) | |
| **Harris N.A., a National Association,** ) | |
| ) | |
| Garnishee. ) | |

## JOINT INITIAL STATUS REPORT

Plaintiff Wachovia Bank, National Association ("Wachovia") and Defendant Casa de Cambio Majapara S.A. de C.V. ("Majapara") hereby submit this Joint Initial Status Report.

1. <u>The Nature of the Case</u>

   A. <u>The Attorneys of Record</u>

   Plaintiff Wachovia Bank, National Association ("Wachovia") is represented by Barry S. Rosen (lead trial attorney), Michael D. Richman and Michael S. Leib of Reed Smith LLP.

   Defendant Casa de Cambio Majapara S.A. de C.V. ("Majapara") is represented by Celiza P. Bragança (lead trial attorney) and Thomas D. Brooks of Sperling & Slater, P.C.

   In the Circuit Court of Cook County case, Robert C. Samko of Robert C. Samko P.C. filed a "special and limited appearance" on behalf of JOM Corporation (as opposed to JOM Corporation of Illinois), and represented to the Court that JOM Corp. is "the sole successor in interest to JOM Corporation of Illinois". Wachovia does not concede the accuracy of this representation.

   Harris N.A., as garnishee, has not filed an appearance.

B. <u>The basis for federal jurisdiction</u>

On January 8, 2008, Defendant Majapara filed a Notice of Removal in this Court asserting federal jurisdiction based upon the following:

> 8. Defendant hereby removes this case pursuant to 28 U.S.C. §§ 1441(a) and 1331, and 12 U.S.C. § 632, in that this is a suit (i) of a civil nature at common law or in equity to which Wachovia, which is organized under the laws of the United States, is a party; and (ii) arising out of transactions involving international or foreign banking, or out of other international or foreign financial operations, and as such is deemed to arise under the laws of the United States.
>
> 9. Defendant hereby removes this case pursuant to 28 U.S.C. §§ 1441(b) and 1332, in that this is a civil action where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between a citizen of a State and a citizen or subject of a foreign state.

Wachovia does not concede the accuracy of these statements. Further, by filing this Joint Statement, Wachovia does not waive its right, and expressly reserves its right, to file a motion for remand.

C. <u>The nature of the claims asserted in the complaint</u>

<u>Wachovia's claims (this subsection is solely the views of Wachovia)</u>

Wachovia asserts that Majapara misappropriated over $38 million (US$). On or about December 5, 2007, Majapara and Wachovia agreed to a series of seven (7) foreign exchange transactions, all of which were to settle on December 7, 2007, whereby Wachovia would deliver an aggregate of 26 million Euros to Majapara and Majapara would deliver an aggregate of $38,132,700 to Wachovia. On December 7, 2007, Wachovia sent 26 million Euros to Majapara, but Majapara failed to deliver the agreed upon $38,132,700 to Wachovia, as required. According to its set-off rights, Wachovia was able to secure $13,420,155, which came into Majapara's accounts at Wachovia, but has not been able to recover the remaining amount Wachovia is owed. Wachovia brings claims of breach of contract, promissory estoppel (alternate count), unjust enrichment (alternate count), and fraud for $24,711,845, as well as a claim of breach of contract/anticipatory repudiation for Majapara's failure to repay Wachovia for covering returned items in a federal check clearing program. Wachovia also brings an alter ego liability claim against JOM Corporation of Illinois seeking to hold it liable to Wachovia for Majapara's liability to Wachovia under the Complaint.[1]

---

[1] [Wachovia's position] In the Notice of Removal, Defendant Majapara states that, in the state court, "plaintiff filed a motion to add JOM as a defendant that was not, in fact, granted." This statement is not accurate. A copy of the Order granting Wachovia's Motion for Leave to Add JOM Corporation of Illinois as a defendant to the caption of the case can be found in the attachments to the Notice of Removal. For convenience sake, a copy of the Order is attached hereto as Exhibit A.

In the Circuit Court of Cook County, Wachovia secured an Order for Attachment (not a temporary restraining order or preliminary injunction) against:

> "Any and all bank accounts or other property of any kind upon which Majapara Casa de Cambio S.A. de C.V. has an interest that is held at, maintained by, or in the custody or possession of Harris N.A. (d/b/a Harris Bank), including but not limited to Account Number 2004919, up to a total aggregate amount of $12.5 million (US$)."

<u>Majapara's view (this subsection is solely the view of Majapara)</u>

Majapara intends to assert counterclaims for damages arising out of, *inter alia*, Wachovia's wrongful conduct in abruptly terminating Majapara without notice and its wrongful conduct in knowingly or recklessly making unfounded and untrue accusations that Majapara engaged in fraud, had stolen Wachovia funds, and intended to move funds out of Wachovia's reach.

Despite the fact that Majapara had been a customer in good standing with Wachovia for over ten years, Wachovia abruptly cut off Majapara's foreign exchange (FX) banking relationship. Wachovia did not cut off Majapara because of anything Majapara did, but for reasons completely unrelated to Majapara. As a result of this abrupt termination of its FX account, Majapara required additional time to settle FX transactions with Wachovia.

Despite knowing that it was Wachovia's abrupt termination of its FX business relationship with Majapara that caused Majapara to be unable to settle the $38 million in transactions with Wachovia, Wachovia sought *ex parte* injunctions and attachments from two Courts – alleging that Majapara had engaged in fraud and theft. On December 14, 2007, Wachovia sought *ex parte* prejudgment relief from both the Circuit Court of Cook County and the U.S. District Court for the Southern District of New York. Thus, Majapara was subjected to prejudgment injunctions and attachments without having the opportunity to inform either Court of important facts demonstrating that Wachovia's accusations were, and are, simply not true.

Majapara intends to file counterclaims seeking to recover damages of over $100 million that Majapara suffered as a result of Wachovia's wrongful conduct.

D.    <u>State the major legal and factual issues in the case</u>

<u>Wachovia's view (solely the view of Wachovia)</u>

Wachovia believes there are no legal or factual issues in relation to Majapara's liability to Wachovia, and, in fact, Majapara has admitted to Wachovia in writing that it is liable to pay Wachovia. Wachovia expects its entitlement to punitive damages to be an issue in the case, although it will not know until Majapara answers the Complaint. As for JOM Corporation of Illinois' liability for alter ego liability, Wachovia expects discovery to focus on JOM Corporation of Illinois' alleged merger into JOM Corp., as well as JOM Corporation of Illinois' exact relationship with Majapara. Additional legal and factual issues may become apparent after the Defendants answer the Complaint.

<u>Majapara's view (solely the view of Majapara)</u>

Majapara is in the process of preparing counterclaims and a response to Wachovia's complaint. *See* Majapara's view under Section C above.

E.     <u>The relief sought</u>

<u>Relief already obtained by Wachovia</u>

<u>Majapara's position (solely the view of Majapara)</u>

Wachovia has already obtained an *ex parte* prejudgment order of attachment from the Circuit Court of Cook County. (Wachovia obtained additional *ex parte* prejudgment relief from the U.S. District Court for the Southern District of New York including a preliminary injunction against Majapara (a Mexican company with no operations in the United States) and another order of attachment.) Wachovia obtained its Illinois order of attachment of a Majapara account at Harris Bank without notice to Majapara.

In addition to obtaining an *ex parte* order of attachment from the Circuit Court of Cook County, Wachovia also obtained (on December 17) an *ex parte* TRO against JOM Corporation of Illinois, an entity that no longer exists as a result of a statutory merger in 2006 with JOM Corporation. JOM Corporation is not a defendant in this action. On December 20, Wachovia consented to the Court entering an order specifying that the TRO did not apply to JOM Corporation. On December 27, the Court entered an Order providing that the TRO was no longer in effect as a result of Wachovia's electing not to seek a preliminary injunction hearing.

On December 14, in the New York action, Wachovia obtained an "Order to Show Cause" providing that, "pending the hearing and determination of this motion, Majapara, shall be and hereby is enjoined and restrained from transferring, selling, pledging, assigning or otherwise disposing any of its assets." Wachovia was not entitled to such relief as, among other things, Majapara is a Mexican corporation located in Mexico City, Mexico with no operations whatsoever in the United States and Wachovia seeks only monetary damages. Wachovia subsequently obtained an order of attachment with an injunction from the Court at a December 20 show-cause hearing. Majapara was not present at the show-cause hearing because it had not received notice that the date was changed from December 21 to 20. Thus, the Court entered an Order of Attachment prepared by Wachovia's counsel which, among other things, made findings that Wachovia had a cause of action "for a money judgment;" ordered that certain Majapara bank accounts be attached; and provided that Majapara be "enjoined and restrained from transferring, selling, pledging, assigning or otherwise disposing of any of its assets." Majapara also has learned that Wachovia has obtained a freeze of its bank account with the Royal Bank of Canada on the basis of this prejudgment order.

<u>Wachovia's position (solely the view of Wachovia)</u>

Wachovia obtained an ex parte prejudgment order of attachment from the Circuit Court of Cook County. The ex parte order of attachment was obtained against all bank accounts or other property of any kind upon which Casa de Cambio Majapara S.A. de C.V. "has an interest that is held at, maintained by, or in the custody or possession of Harris N.A. (d/b/a Harris Bank) . . .."

In addition to obtaining an ex parte order of attachment from the Circuit Court of Cook County, on December 17, Wachovia moved to add JOM Corporation of Illinois as a Defendant. This Motion was granted and JOM Corporation of Illinois was added as a defendant to the case. See Exhibit A hereto. As such, JOM Corporation of Illinois is a defendant in this case. On December 17, Wachovia also obtained an ex parte TRO against JOM Corporation of Illinois. On December 20, Wachovia consented to the Court entering an order specifying that the TRO "does not apply to JOM Corp. or its assets." On December 27, since Wachovia decided not seek a preliminary injunction against JOM Corporation of Illinois, the Court entered an Order providing that the TRO expired at the close of business on December 27.

On December 14, in the Southern District of New York action, Wachovia obtained an "Order to Show Cause" providing that, "pending the hearing and determination of this motion, Majapara, shall be and hereby is enjoined and restrained from transferring, selling, pledging, assigning or otherwise disposing any of its assets." Wachovia subsequently obtained an order of attachment from the New York federal court at a December 20 show-cause hearing. Majapara was not present at the show cause hearing, which date was changed by the Court from December 21st to December 20th. Wachovia provided Majapara with notice of the court-initiated change in the date of the hearing. On December 20, the SDNY District Court entered an Order of Attachment which, among other things, ordered that certain Majapara bank accounts be attached, and which provided that Majapara be "enjoined and restrained from transferring, selling, pledging, assigning or otherwise disposing of any of its assets."

<u>Additional relief Wachovia seeks (solely the view of Wachovia)</u>

Wachovia is seeking $24,711,845, as well as any amounts Majapara has failed to repay Wachovia for covering returned items in a federal check clearing program, plus punitive damages, fees and costs.

<u>Relief Majapara seeks (solely the view of Majapara)</u>

Majapara intends to seek damages of more than $100 million as a result of Wachovia's continuing course of wrongful conduct in abruptly cutting off its banking relationship with Majapara for reasons completely unrelated to Majapara, then engaging in a campaign of accusing Majapara of engaging in fraud and theft. Once Wachovia made these accusations, however baseless they are, there was no possibility that Majapara could obtain a replacement bank, nor continue in operation. Thus, Majapara will seek to recover for the substantial injuries that Wachovia inflicted upon Majapara, including the loss of Majapara's entire business, attorneys' fees, punitive damages, and other relief.

2. <u>Pending Motions and Case Plan</u>

   A. <u>Pending Motions</u>

   There are no pending motions in this Illinois action. On January 22, 2008, Majapara filed a motion to vacate the Order of Attachment entered by the District Court for the Southern District of New York, which, according to Majapara, seeks to have the injunction vacated, the attachment vacated, and the funds subject to attachment, along with the almost $14 million that Wachovia took from Majapara's bank account as "setoffs," be placed in the Court registry pending the outcome of the two actions.

   <u>Additional statement made by Wachovia</u>: By filing this Joint Statement, Plaintiff Wachovia does not waive its right, and expressly reserves its right, to file a motion for remand.

   <u>Additional statement made by Majapara</u>: By filing this Joint Statement, Majapara does not waive any rights or defenses it may have.

   B. <u>Discovery Plan</u>

   <u>Wachovia's position</u>

   As Defendants have yet to respond to the Complaint, and since Wachovia expressly reserves its right to file a motion for remand, there is no way for Wachovia to know what the full range of issues are or how long discovery might take. As such, Wachovia requests that the Court not set a discovery schedule until after Defendants respond to the Complaint and the Court rules on any motion for remand.

   <u>Majapara's position</u>

   As this Illinois action, along with the parallel action in the District Court for the Southern District of New York, was initiated by Wachovia on an emergency basis with *ex parte* motions for temporary restraining orders and orders of attachment, Majapara proposes the following schedule:

   All discovery (both fact and expert discovery) will be completed by July 31, 2008.

   All dispositive motions will be filed by August 15, 2008.

   C. <u>Trial</u>

   1. Plaintiff Wachovia has not requested a jury trial. The time for Majapara to request a jury trial has not yet passed.

   2. Length of Trial

   <u>Wachovia's position</u>: Wachovia cannot estimate the length of this trial until it receives Majapara's Answer to the Complaint. As to claims stated in the Complaint itself, Wachovia believes the trial is likely to take 2-3 days, but the estimated length of the trial is likely to increase once Wachovia receives the counterclaims Majapara states it intends to assert.

<u>Majapara's position</u>:   The trial in this matter will likely take 5-7 days in order to account for counterclaims that Majapara intends to assert in its responsive pleading.

        3.      When the case is likely to be ready for trial.

<u>Wachovia's position</u>: For the reasons stated above, and due to the early stage of this case, Wachovia is not in a position to estimate when the case may be ready for trial. Wachovia will be in a better position to estimate when this case will be ready for trial after it receives Wachovia's Answer and the counterclaims it states it plans to file.

<u>Majapara's position</u>:  Majapara objects to Wachovia now seeking delay in a case that it initiated with motions for *ex parte* prejudgment relief in two Courts on December 14. As this action, along with the New York action, was initiated by Wachovia's request for emergency relief, Majapara proposes that pretrial memoranda be filed by December 15, 2008, at which time the parties will be ready to proceed to trial.

        D.      The parties do not consent unanimously to proceed before a Magistrate Judge.

        E.      <u>Status of Settlement Discussions</u>

<u>Wachovia's position</u>:   Representatives from Wachovia and Majapara discussed this matter prior to Wachovia filing actions in Illinois and New York. Since these actions have been filed, no settlement discussions have occurred. Both parties are willing to participate in a settlement conference, although Wachovia believes such a settlement conference would be premature given that Majapara has yet to file an Answer and the counterclaims it states it intends to file.

<u>Majapara's position</u>: Because Wachovia obtained *ex parte* emergency attachment and injunctive relief from both the Circuit Court of Cook County, Illinois, and the U.S. District Court in the Southern District of New York before Majapara was even aware of this action, Majapara was not given any opportunity to engage in any pre-filing settlement discussions with Wachovia. Majapara is willing to participate in a settlement conference at the Court's convenience.

Dated: January 23, 2008

| | |
|---|---|
| s/Michael S. Leib | s/Celiza P. Braganca |
| Barry S. Rosen | Celiza P. Bragança |
| Michael D. Richman | Thomas D. Brooks |
| Michael S. Leib | SPERLING & SLATER, P.C. |
| REED SMITH, LLP | 55 W. Monroe, Suite 3200 |
| 10 S. Wacker Drive | Chicago, IL 60603 |
| Chicago, Illinois 60606-7507 | (312) 641-3200 |
| (312) 207-1000 | |
| | Counsel for Casa de Cambio Majapara S.A. |
| Counsel for Plaintiff Wachovia Bank, N.A. | de C.V. |

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

WACHOVIA BANK, )
NATIONAL ASSOCIATION, )
)
Plaintiff, )
) Case No. 07L13958
v. )
)
MAJAPARA CASA DE CAMBIO S.A. de C.V., )
a Mexican corporation, )
)
Defendant, )
)
HARRIS N.A., an Illinois corporation, )
)
Garnishee. )

## ORDER

Plaintiff coming before the Court on its Emergency Motion for Leave to Add Defendant and the Court being advised in the premises, **IT IS HEREBY ORDERED**:

Plaintiff's Motion is GRANTED. JOM Corporation of Illinois is added as a defendant to the caption of the case.

*The return date of Jan 11, 2008 on the Order for Attachment and Summons is stricken and the return date is now January 10, 2008 at 9:30 a.m.*

Dated: December 17, 2007

ENTER: _____
              Judge

*A preliminary injunction on Plaintiff's Emergency Motion for Entry of Ex Parte TRO is set for December 27, 2007 at 11:15 a.m. against JOM Corp of Illinois. The Court waives any requirement for bond; no bond is required on Plaintiff's Motion for TRO.*

Barry S. Rosen
Michael D. Richman
Michael S. Leib
REED SMITH, LLP
10 S. Wacker Drive
Chicago, Illinois 60606-7507
(312) 207-1000
Firm I.D. # 43456



ENTERED
JUDGE ALEXANDER P. WHITE - 0241
DEC 17 2007
DOROTHY BROWN
CLERK OF THE CIRCUIT COURT
OF COOK COUNTY, IL
DEPUTY CLERK

**Exhibit A**

## **CERTIFICATE OF SERVICE**

I, Michael S. Leib, an attorney, do hereby certify that I have caused a true and correct copy of the foregoing **Joint Initial Status Report** to be served upon the following via the methods indicated below this 23rd day of January, 2008:

Celiza P. Braganca
Thomas D. Brooks
Sperling & Slater, P.C.
55 West Monroe Street
Suite 3200
Chicago, IL 60603
cbraganca@sperling-law.com
312-641-6492 (fax)
312-641-3200 (telephone)

via ECF notice.

Robert C. Samko
Robert C. Samko P.C.
100 West Monroe Street
19th Floor
Chicago, IL 60603
prsamko@hotmail.com
312-332-3612 (fax)
312-236-7060 (telephone)

via facsimile (on Jan. 23) and U.S. Mail (on Jan. 24).

                                                  s/ Michael S. Leib
                                                  Michael S. Leib

Barry S. Rosen
Michael D. Richman
Michael S. Leib
REED SMITH, LLP
10 South Wacker Drive
Chicago, Illinois 60606-7507
(312) 207-1000

CHILIB-2134011.4