IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| WACHOVIA BANK, NATIONAL ASSOCIATION,<br><br>Plaintiff,<br><br>v.<br><br>CASA DE CAMBIO MAJAPARA S.A. de C.V., a.k.a.<br>Majapara Casa de Cambio S.A. de C.V. and JOM<br>CORPORATION OF ILLINOIS,<br><br>Defendant,<br><br>and<br><br>Harris N.A., a National Association,<br><br>Garnishee. | Case No. 08 CV 170<br><br>Honorable Amy J. St. Eve |

**PLAINTIFF'S MOTION FOR REMAND**

Plaintiff Wachovia Bank, National Association ("Wachovia"), pursuant to 28 U.S.C. § 1447(c), hereby moves this Court for an Order remanding this case back to the Circuit Court of Cook County. In support of this Motion, Wachovia states as follows:

**INTRODUCTION**

It is well settled that <u>all</u> defendants must expressly consent to removal in writing within thirty days of the first defendant being served process. Here, however, while there are two defendants, Casa de Cambio Majapara S.A. de C.V. a.k.a. Majapara Casa de Cambio S.A. de C.V. Majapara ("Majapara") and JOM Corporation of Illinois, only Majapara has filed a Notice of Removal. Majapara explains the failure of JOM Corporation of Illinois to expressly join in the removal in writing by asserting that JOM Corporation of Illinois is a "[n]ominal defendant." According to Majapara's Notice of Removal, "[w]hile JOM [Corporation of Illinois] is listed in the case caption, Majapara understands that plaintiff filed a motion to add JOM [Corporation of Illinois] as a defendant that was not, in fact, granted."

On December 17, 2007, however, Judge Alexander P. White of the Circuit Court of Cook County expressly granted Wachovia's Motion to add JOM Corporation of Illinois as a defendant to the caption of the case. In fact, Judge White's Order adding JOM Corporation of Illinois is included in the exhibit to Majapara's Notice of Removal. On the same day Judge White entered this Order, Wachovia filed its Complaint naming JOM Corporation of Illinois as a defendant, with substantive allegations that JOM Corporation of Illinois is an alter ego of Majarpara and, therefore, is liable to Wachovia to the same extent as is Majapara. As such, JOM Corporation of Illinois is not a nominal defendant and the failure of <u>all</u> defendants to join in the removal <u>in writing</u> within thirty days of the first defendant being served is fatal to Majapara's attempt to remove this case.

The case should be remanded back to Circuit Court of Cook County.

## **FACTS**

**A.    After The Parties Enter Into A Series Of Foreign Exchange Spot Transactions, Majapara Accepts 26 Million Euros From Wachovia Without Delivering the Agreed Upon $38 Million To Wachovia In Return**

On December 17, 2007, Wachovia filed a Complaint in the Circuit Court of Cook County, alleging that Majapara owes it over $24 million. As alleged in the Complaint, on December 5, 2007, Majapara and Wachovia agreed to a series of seven foreign exchange spot transactions, all of which were to settle on December 7, 2007. (Compl. ¶ 12.) These transactions required Wachovia to deliver an aggregate of 26 million Euros to Majapara in return for Majapara delivering an aggregate of $38,132,700 (US$) to Wachovia. (<u>Id</u>.)

In conformance with its obligations, on December 7, 2007, Wachovia sent 26 million Euros to Majapara. (Compl. ¶ 13.) Majapara, however, failed to deliver the agreed upon $38,132,700 to Wachovia as required by the parties' agreement, and to this date, Majapara has made absolutely no payment of any kind to Wachovia. (<u>Id</u>.) In fact, as alleged in the Complaint,

- 2 -

Majapara accepted the 26 million Euros with no intention of sending the corresponding $38 million to Wachovia and, after the fact, informed Wachovia that Majapara had used Wachovia's funds to make loans to third parties.  (Compl. ¶¶ 57-60.)  In addition, Majapara tried to place additional trades with Wachovia on December 7, 2007, knowing that it could not cover such additional trades or its existing obligation to deliver the dollars to Wachovia.  (Id. ¶ 15.)  Moreover, on December 11, 2007, Majapara tried to drain a Majapara account held at Wachovia by attempting to transfer over $9 million out of that account.  (Id. ¶ 16.)  Wachovia was able to prevent that from taking place and, after exercising certain set-off rights it had, Wachovia is still owed more than $24,711,845.  (Id. ¶¶ 17, 33.)  Wachovia, in its Complaint, has asserted claims against Majapara for breach of contract, promissory estoppel, unjust enrichment, fraud and breach of contract/anticipatory repudiation.  (Id. ¶¶ 29-71.)

**B.     Wachovia Is Given Leave To Add JOM Corporation Of Illinois As A Defendant**

On December 17, 2007, Wachovia was given leave to add JOM Corporation of Illinois as a defendant.  (See 12/17/07 Order, attached hereto as Exhibit A.)  Leave was needed because Wachovia had commenced the case on December 14, 2007, not through the filing of a Complaint, but rather through the filing of an affidavit and a Motion seeking an Order for Attachment against any assets of Majapara at Harris Bank, which Motion was granted.  Since leave to add JOM Corporation of Illinois as a defendant to the caption of the case was granted, the initial Complaint filed on December 17, 2007 included JOM Corporation of Illinois as a defendant.  Wachovia asserted a claim for alter ego liability against JOM Corporation of Illinois, a company with common owners and officers/directors with Majapara that was doing business as "Majapara-Chicago," seeking to hold JOM Corporation of Illinois liable for Majapara's liability to Wachovia.

At the same time it filed its Complaint, Wachovia also sought and obtained a temporary restraining order against JOM Corporation of Illinois, restricting JOM Corporation of Illinois from "transferring or otherwise dissipating or removing in any fashion any monies, assets or property in its possession, custody or control up to the amount of $25 million (US$)." On December 19, 2007, however, JOM Corporation moved to vacate the TRO. According to JOM Corporation, "[i]n December 2006, JOM Corporation of Illinois was merged into JOM Corporation of Texas." (Motion to Vacate, at 2.) In fact, in its Motion, JOM Corporation unilaterally changed the caption of the case to reflect the defendant as "JOM Corporation," rather than "JOM Corporation of Illinois."[1] On December 20, 2007 at 9:15 a.m., the parties appeared before the Court. (See Notice of Motion, attached hereto as Exhibit B.) At that time, counsel for JOM Corporation represented to the Court that, "the sole successor in interest to JOM Corporation of Illinois is JOM Corp., a Texas Corporation, through a statutory merger in 2006." (See 12/20/07 Order, attached hereto as Exhibit C.)

Importantly, Wachovia did not voluntarily dismiss JOM Corporation of Illinois from the case, nor was any motion to dismiss JOM Corporation of Illinois filed. Later that afternoon, Robert C. Samko of Robert C. Samko P.C. filed an appearance with the Court on behalf of JOM Corporation and checked the box stating that he was representing "Defendant." (See Appearance, attached hereto as Exhibit D.)

---

[1] The next day, on December 20, 2007, Wachovia filed its own Motion to Modify the TRO in light of certain information it had obtained from Harris Bank on December 19, 2007, which showed that, in late-May 2006, a request was made of Harris Bank to change the name on JOM Corporation of Illinois' Harris Bank account from JOM Corporation of Illinois to JOM Corporation as a result of an alleged decision on the part of JOM Corporation of Illinois and/or JOM Corp. to "aggregate and consolidate all of its operations into JOM Corp." (See Motion to Modify TRO.)

**C.    Majapara Removes The Case, But JOM Corporation Of Illinois Does Not Join In That Removal**

On January 8, 2008, Majapara filed a Notice of Removal.  (See Notice of Removal (without exhibits), attached hereto as Exhibit E.)  Neither JOM Corporation of Illinois, nor JOM Corporation, as the claimed sole successor in interest to JOM Corporation of Illinois, signed the Notice of Removal or has filed any paper indicating that it joins in the Notice of Removal.

## ARGUMENT

**I.    BECAUSE ALL DEFENDANTS DID NOT JOIN IN THE REMOVAL IN WRITING, MAJAPARA'S NOTICE OF REMOVAL IS DEFECTIVE**

Under 28 U.S.C. § 1446(a), to remove a case:

> [a] defendant or defendants desiring to remove any civil action or criminal prosecution from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure . . ..

Importantly, the Seventh Circuit has held that, "[a] petition for removal fails unless all defendants join it."  Roe v. O'Donohue, 38 F.3d 298, 301 (7th Cir. 1994) (citations omitted; emphasis added), overruled on other grounds by Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344 (1999).  The Seventh Circuit has also held that, "[t]o 'join' a motion is to support it *in writing*."  Roe, 38 F.3d at 301 (emphasis added).  In other words, while all defendants do not need to sign the notice of removal, each defendant must communicate his or her consent to the removal in writing.  Id.; Martin v. Harshbarger, No. 94 C 1210, 1994 WL 86020, at *2 (N.D. Ill. Mar. 14, 1994).  Further, since 28 U.S.C. § 1446(b) provides that a notice of removal must be "filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief," courts have held that all defendants must consent in writing within thirty days of when the first defendant is served with the complaint.  Id. (citations omitted).

Here, JOM Corporation of Illinois did not sign Majapara's Notice of Removal, nor did it file its own joinder. In fact, JOM Corporation of Illinois has not even filed an appearance in the federal action. And while Majapara did state in its Notice of Removal that it had spoken to JOM Corporation of Texas' counsel (JOM Corporation allegedly being the successor in interest to JOM Corporation of Illinois), and that "to the extent consent is needed, JOM Texas consents to the removal of this action," (Ex. E, Notice of Removal ¶ 6 n.1), the fact remains that neither JOM Corporation of Illinois nor its alleged sole successor-in-interest, JOM Corporation, has filed anything in writing indicating its consent to Majapara's removal.[2] Since JOM Corporation of Illinois was served on December 17, 2007, the thirty-day deadline for <u>all</u> defendants to indicate, <u>in writing</u>, their consent to join in the Notice of Removal has long passed.

Further, the fact that Majapara removed not only on diversity grounds, but also on federal question grounds pursuant to 28 U.S.C. § 1441(b) (federal question jurisdiction) and 12 U.S.C. § 632, does not compel a different result. Section 632 provides that certain claims involving international banking or other international financial operations "shall be deemed to arise under the laws of the United States," and provides that "any defendant . . . may, at any time before trial thereof, remove such suit from a State court . . . *following the procedure for the removal of causes otherwise provided by law*." 12 U.S.C. § 632 (emphasis added). Although, to counsel's knowledge, no court in this District has addressed whether Section 632 requires all defendants to consent to removal in writing within thirty days of the first defendant being served, given the explicit language of the statute requiring defendants removing to "follow[] the procedures for the

---

[2] While JOM Corporation alleged in the state court that it is the sole successor in interest to JOM Corporation of Illinois through a statutory merger, neither JOM Corporation nor Majapara has provided Wachovia or this Court with any evidence proving this merger. In any case, if such a merger did take place, JOM Corporation, as the sole successor in interest to JOM Corporation of Illinois and as the party appearing as a "defendant" in the state court action, was required to file a written joinder to the Notice of Removal within thirty days of JOM Corporation of Illinois having been served. It failed to do this.

removal of causes otherwise provided by law," the requirements of 28 U.S.C. §§ 1441 and 1446 must be followed for Section 632 removal to be effective.  This is particularly true considering that removal statutes are strictly construed and "doubts should be resolved against removal."  Roe, 38 F.3d at 304; Doe v. Allied-Signal, Inc., 985 F.2d 908, 911 (7th Cir. 1993) ("Courts should interpret the removal statute narrowly and presume that the plaintiff may choose his or her forum. . . . Any doubt regarding jurisdiction should be resolved in favor of the states. . . ., and the burden of establishing federal jurisdiction falls on the party seeking removal.") (citations omitted); Fields v. Jay Henges Enters., Inc., No. 06-323-GPM, 2006 WL 1875457, at *1 (S.D. Ill. June 30, 2006) ("Courts should interpret the removal statute narrowly and presume that the plaintiff may choose his or her forum. . . . Put another way, there is a strong presumption in favor of remand.") (citations omitted).

The case of Ponce Federal Bank, FSB v. Instituto Medico Del Norte, Inc., 643 F. Supp. 424 (D.P.R. 1986) is instructive.  In Ponce, a defendant attempted removal pursuant to Section 632.  The defendant, however, did not file its notice of removal within thirty days of service and all defendants did not join in the petition.  Noting that "removal statutes should be strictly construed and all doubts should be resolved against removal," the Ponce court held that, since there is "no legislative history on this matter, we must presume that absent a clearer intention of Congress to the contrary, Section 632 was intended to parallel . . . the general removal statute."  Id. at 426.  Since the removal statutes located at 28 U.S.C. §§ 1441 and 1446 have been found to require all defendants to consent in writing to removal and to do so within thirty days, the court found that these requirements are applicable to cases brought under Section 632.  Id.; see also Dibidale of La., Inc. v. First Nat'l Bank of Houma, No. 90-4784, 1991 WL 40326, at *1-2 (E.D. La. Mar. 21, 1991) (holding that, because Section 632 requires defendants to follow "the

procedure for removal of causes otherwise provided by law," the thirty-day deadline included in Section 1446 applies to cases removed under Section 632).3

Given the fact that <u>all</u> defendants did not consent in writing to the removal within thirty days of the first defendant being served, Majapara's attempt to remove this case is defective. See <u>Fields</u>, 2006 WL 1875457, at *2 ("[a] defendant seeking removal must strictly comply with all the statutory requirements, and where there is doubt as to whether the requirements have been satisfied, the case should be remanded.") (citation omitted).

## II.   JOM CORPORATION OF ILLINOIS IS NOT A "NOMINAL DEFENDANT"

Majapara tries to avoid the rule requiring all defendants to consent in writing within thirty days by alleging in the Notice of Removal that JOM Corporation of Illinois is a "nominal defendant." Under the relevant case law, nominal parties do not need to consent to or join in a notice of removal. See <u>Franke v. Heartland Express, Inc.</u>, No. 00 C 5222, 2001 WL 436214, at *1 (N.D. Ill. Apr. 27, 2001). But "the burden of alleging and proving that a co-defendant is a nominal party rests with the removing party." <u>Id</u>. And, here, Majapara has failed to meet this burden.

In the Notice of Removal, Majapara claims that JOM Corporation of Illinois is a nominal defendant because, in the state court, Wachovia "filed a motion to add JOM as a defendant that

---

3 While one court found that the language "any defendant" in Section 632 means that all defendants do not need to consent in writing to removal pursuant to Section 632, (see <u>Wenzoski v. Citicorp</u>, 480 F. Supp. 1056, 1058 (N.D. Cal. 1979)), and another court found that the language "at any time before trial," in Section 632 means the thirty-day deadline for removing an action does not apply to cases removed pursuant to Section 632, (see <u>Hill v. Citicorp</u>, 804 F. Supp. 514, 515-16 (S.D.N.Y. 1992)), those cases are poorly reasoned. By requiring defendants to follow "the procedures for the removal of causes otherwise provided by law," Congress, in enacting Section 632, incorporated all the general removal requirements, including the requirement for all defendants to consent in writing to removal and the thirty-day deadline. Since the Seventh Circuit has stated that removal statutes must be interpreted narrowly and that any doubt as to the validity of removal should be resolved in favor of remanding the action, (see <u>Doe</u>, 985 F.2d at 911), absent a clear indication of Congressional intent to eliminate these general removal procedures, these procedures must be followed.

was not, in fact, granted." (See Notice of Motion ¶ 6.) This is incorrect. JOM Corporation of Illinois was added as a defendant, The Complaint specifically named JOM Corporation of Illinois as a defendant, and the Illinois court granted leave to plaintiffs to include JOM Corporation of Illinois as a defendant in the case caption. (See Ex. A, 12/17/07 Order.) Further, the Seventh Circuit has explained that:

> A "nominal defendant" is a person who can be joined to aid the recovery of relief without an assertion of subject matter jurisdiction only because he has no ownership interest in the property which is the subject of litigation. A nominal defendant holds the subject matter of the litigation "in a subordinate or possessory capacity as to which there is no dispute." . . . . Because the nominal defendant is a "trustee, agent, or depositary," . . . who has possession of the funds which are the subject of litigation, he must often be joined purely as a means of facilitating collection. The court needs to order the nominal defendant to turn over funds to the prevailing party when the dispute between the parties is resolved. A nominal defendant is not a real party in interest, however, because he has no interest in the subject matter litigated. His relation to the suit is merely incidental and "it is of no moment [to him] whether the one or the other side in [the] controversy succeed[s]."

SEC v. Cherif, 933 F.2d 403, 414 (7th Cir. 1991) (citations omitted). Here, JOM Corporation of Illinois' relationship to the case is not "merely incidental" and, therefore, Majapara has not, and cannot, meet its burden of showing JOM Corporation of Illinois is a "nominal defendant."

As such, JOM Corporation of Illinois, or JOM Corporation as its sole successor in interest, was required to consent ***in writing*** to removal. Given that Majapara failed to secure such written consent prior to the expiration of the thirty-day deadline, Majapara's Notice of Removal is defective.[4]

\*   \*   \*   \*

---

[4] If Section 632 were found not to apply to this case, the Notice of Removal would also be defective to the extent JOM Corporation of Illinois still exists as 28 U.S.C. § 1441 forbids removal solely on diversity grounds where one of the defendants is a citizen of the state in which the action was brought.

**WHEREFORE**, for the reasons stated herein, Plaintiff Wachovia Bank, National Association requests that the Court remand this action back to the Circuit Court of Cook County, and grant such other and further relief as the Court deems just and proper.

Dated: February 6, 2008

Respectfully submitted,
***WACHOVIA BANK, N.A***.
Plaintiff,

By: ____s/ Michael S. Leib_____
One of Its Attorneys

Barry S. Rosen
Michael D. Richman
Michael S. Leib
REED SMITH, LLP
10 S. Wacker Drive
Chicago, Illinois 60606-7507
(312) 207-1000

Attorneys for Plaintiff Wachovia Bank, N.A.

CHILIB-2155860.2

## **CERTIFICATE OF SERVICE**

I hereby certify that on February 6, 2008, I electronically filed the foregoing documents:

**NOTICE OF MOTION, AND PLAINTIFF'S MOTION FOR REMAND**

with the Clerk of the Court using the CM/ECF. I also certify that the following documents are being served this day on all counsel of record identified below via the methods indicated below.

| | |
|---|---|
| Celiza P. Braganca | Robert C. Samko |
| Thomas D. Brooks | Robert C. Samko P.C. |
| Sperling & Slater, P.C. | 100 West Monroe Street |
| 55 West Monroe Street | 19th Floor |
| Suite 3200 | Chicago, IL 60603 |
| Chicago, IL 60603 | prsamko@hotmail.com |
| cbraganca@sperling-law.com | 312-332-3612 (fax) |
| 312-641-6492 (fax) | 312-236-7060 (telephone) |
| 312-641-3200 (telephone) | |
| | |
| Via transmission of Notices of Electronic Filing generated by CM/ECF. | Via U.S. Mail. |

                                                     s/ Michael S. Lieb
                                                        Michael S. Lieb


Barry S. Rosen
Michael D. Richman
Michael S. Leib
REED SMITH, LLP
10 South Wacker Drive
Chicago, Illinois  60606-7507
(312) 207-1000

Attorneys for Plaintiff Wachovia Bank, N.A.