# Exhibit F

Westlaw.

Not Reported in F.Supp.
Not Reported in F.Supp., 1991 WL 40326 (E.D.La.)
(Cite as: 1991 WL 40326 (E.D.La.))

Page 1

▷Only the Westlaw citation is currently available.

United States District Court, E.D. Louisiana.
DIBIDALE OF LOUISIANA, INC., Dibidale Securities Establishment and Nicholas P. Popich
v.
FIRST NATIONAL BANK OF HOUMA and Alerion Bank.
Civ. A. No. 90-4784.

March 21, 1991.

MINUTE ENTRY

ROBERT F. COLLINS, Judge.

*1 Plaintiffs, Dibidale of Louisiana, Inc., Dibidale Securities Establishment and Nicholas P. Popich (collectively "Dibidale"), move this Court to remand this action to the Civil District Court for the Parish of Orleans. For reasons stated below, the Motion is GRANTED.

Plaintiffs filed this case in the Civil District Court for the Parish of Orleans on October 5, 1990. First National Bank of Houma ("FNBH") was served on October 12, 1990; Alerion Bank ("Alerion") was served on October 10, 1990. Defendant FNBH filed a "Notice of Removal" initiating the federal case captioned above on December 5, 1990. Although the Notice of Removal filed by FNBH purports to remove the entire case (i.e., as to both defendants) to federal court, Alerion did not join in the removal petition or otherwise express its consent to the removal, nor does the Notice of Removal state that Alerion consents to the removal.

FNBH claimed as its basis for removal the provisions of 12 U.S.C. § 632. Section 632 provides:

Notwithstanding any other provision of law, all suits of a civil nature ... to which any corporation organized under the laws of the United States shall be a party, arising out of transactions involving international or foreign banking, ... shall be deemed to arise under the laws of the United States, and the district courts of the United States shall have original jurisdiction of all such suits; and any defendant in any such suit may, at any time before the trial thereof, remove such suits from a State's court into the district court of the United States for the proper district by following the procedure for the removal of causes otherwise provided by law.

Dibidale argues that removal was inappropriate in this case. The issues before this Court are: (1) whether the petition was timely; and (2) whether all defendants in the Civil District Court for the Parish of Orleans case must join in the removal petition.

*Timeliness of Removal*
FNBH filed its Notice of Removal on December 5, 1990, more than thirty days after it had been served in the state court proceeding. FNBH argues that its removal of this action was timely under Section 632. This Court must disagree. Although Section 632 speaks in terms of removal at any time before trial, this provision is subject to the thirty-day limitation period provided by the general removal statute (28 U.S.C. § 1446(b)). [FN1]*Ponce Federal Bank, FSB v. Instituto Medico del Norte, Inc.,* 643 F.Supp. 424, 426-27 (D. Puerto Rico 1986). The phrase "at any time before trial" is limited by the subsequent phrase "by following the procedure for removal of causes otherwise provided by law." "Otherwise provided by law" refers to the general removal statute. *Id.* at 426. Thus, the limitations of Section 1446 apply to Section 632. *Id.* at 427.

As in *Ponce,* this Court finds that Congress would not have permitted such a long period in which to file for removal. The policy of the removal statute could not have been to give defendants an unfair advantage over plaintiffs by giving the former an extra tool to delay proceedings. *Id.* at 427.

*2 Defendants, citing *Aktiebolaget Svenska Handelsbanken v. Chase Manhattan Bank,* 69 F.Supp. 833 (S.D.N.Y.1947), and *Manas Pineiro v. Chase Manhattan Bank,* 443 F.Supp. 418 (S.D.N.Y.1978), argue that this action was timely removed pursuant to Section 632. However, neither case is controlling of the instant action. In both *Aktiebolaget* and *Manas,* the defendants, relying on

© 2008 Thomson/West. No Claim to Orig. US Gov. Works.

Not Reported in F.Supp.
Not Reported in F.Supp., 1991 WL 40326 (E.D.La.)
**(Cite as: 1991 WL 40326 (E.D.La.))**

Page 2

Section 632, removed the actions to the federal court more than thirty days after service of process. In both cases, the actions were remanded to state court after the district court found that trials, as that word is contemplated by Section 632, had taken place prior to the removals. FNBH argues that *Aktiebolaget* and *Manas* imply that the thirty-day limitation of Section 1446 does not apply to removal pursuant to Section 632. This Court cannot agree with FNBH's argument. Neither *Aktiebolaget* nor *Manas* addressed the timeliness of removal. Instead, those cases dealt only with whether or not a trial had occurred within the meaning of Section 632. This Court cannot, based only on the silence of *Aktiebolaget* and *Manas* courts, presume that the thirty-day limitation of Section 1446 is inapplicable to Section 632 removal. Therefore, this Court will rely on *Ponce,* the decision that is directly on point.

CONCLUSION

The Court finds that the instant action was improvidently removed from the Civil District Court for the Parish of Orleans. FNBH's removal of this matter was not timely. Further, this Court, having found that removal of this matter was untimely, need not address the question of whether all defendants must join in a Section 632 removal.

In accordance with the above, the above captioned matter is hereby REMANDED to the Civil District Court for the Parish of Orleans.

> FN1. Section 1446(b) states:
> The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, which ever period is shorter.
> 28 U.S.C. § 1446(b).

Not Reported in F.Supp., 1991 WL 40326 (E.D.La.)

END OF DOCUMENT

© 2008 Thomson/West. No Claim to Orig. US Gov. Works.

Westlaw.

Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 2006 WL 1875457 (S.D.Ill.)
(Cite as: 2006 WL 1875457 (S.D.Ill.))

Page 1

COnly the Westlaw citation is currently available.

United States District Court,
S.D. Illinois.
Kenneth FIELDS, Plaintiff,
v.
JAY HENGES ENTERPRISES, INC., J. Henges
Enterprises, Inc., Henges Interiors,
Inc., and Henges Interiors, Defendants.
Civil No. 06-323-GPM.

June 30, 2006.

David M. Nissenholtz, Cofman & Townsley, St. Louis, MO, for Plaintiff.

Cody S. Moon, James E. Defranco, Defranco Law Firm, P.C., O'Fallon, IL, for Defendants.

MEMORANDUM AND ORDER

MURPHY, Chief District Judge.

*1 This matter is before the Court on the motion to remand brought by Plaintiff Kenneth Fields (Doc. 10). For the following reasons, the motion is **GRANTED,** and this action is remanded to state court pursuant to 28 U.S.C. § 1447(c) by reason of a procedural defect in removal.

INTRODUCTION

Plaintiff Kenneth Fields originally filed this case in the Circuit Court of the Twentieth Judicial Circuit, St. Clair County, Illinois, on May 6, 2005, seeking recovery for personal injuries he allegedly suffered while working on a construction site in St. Clair County, Illinois. See Complaint ¶ 1, ¶ 3. Specifically, Plaintiff alleges that on May 30, 2003, Defendants Jay Henges Enterprises, Inc., J. Henges Enterprises, Inc., Henges Interiors, Inc., and Henges Interiors (hereinafter, collectively, "Defendants"), through their agents and employees, negligently sprayed him with chemicals, causing him to contract skin disease. See id. ¶ 1, ¶ 3, ¶ 5, ¶ 6. On April 26, 2006, Defendants removed the case to this Court, asserting the existence of federal subject matter jurisdiction in diversity. See 28 U.S.C. § 1332; Id. § 1441. Following removal, Defendants brought a third-party claim against Kane Mechanical, Inc., Plaintiff's employer at the jobsite where he was injured, asserting a demand for contribution under the Illinois Joint Tortfeasor Contribution Act, 740 ILCS 100/0.01--100/5. On May 23, 2006, Plaintiff moved for remand of the case to state court on the grounds that removal of the case is untimely under 28 U.S.C. § 1446(b). Defendants having filed their response to Plaintiff's motion for remand, the Court now is prepared to rule.

DISCUSSION

A. Legal Standard

Removal based on diversity requires that the parties be of diverse state citizenship and that the amount in controversy exceed $75,000. See 28 U.S.C. § 1332; Id. § 1441. See also Rubel v. Pfizer Inc., 361 F.3d 1016, 1017 (7th Cir.2004); Littleton v.. Shelter Ins. Co., No. 99-912-GPM, 2000 WL 356408, at *1 (S.D.Ill. Mar. 9, 2000). The party seeking removal has the burden of establishing federal jurisdiction. See Disher v. Citigroup Global Mkts. Inc., 419 F.3d 649, 654 (7th Cir.2005). "Courts should interpret the removal statute narrowly and presume that the plaintiff may choose his or her forum." Doe v. Allied-Signal, Inc., 985 F.2d 908, 911 (7th Cir.1993). Put another way, there is a strong presumption in favor of remand. See Jones v. General Tire & Rubber Co., 541 F.2d 660, 664 (7th Cir.1976). A defendant seeking to remove a case in diversity jurisdiction must file a notice of removal within thirty days after service of the complaint. See 28 U.S.C. § 1446(b). If, however, a case is not removable at the outset, a notice of removal may be filed within thirty days after the defendant receives "a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." Id.

*2 Failure to effect timely removal under 28 U.S.C. § 1446(b) is a procedural defect in removal, not a jurisdictional one, and it is waived unless raised by a plaintiff within thirty days of the date of removal. See In re Continental Cas. Co., 29 F.3d 292, 293-95 (7th Cir.1994). However, "[a]lthough the 30-day time limit in § 1446(b) is not jurisdictional, it is mandatory and strictly applied." Citibank, N.A. v. Grafmeyer, No. 05 C 3680, 2005 WL 1799280, at *1 (N.D.Ill. July 27, 2005). "The plaintiff has a right to remand if

© 2008 Thomson/West. No Claim to Orig. US Gov. Works.

Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 2006 WL 1875457 (S.D.Ill.)
(Cite as: 2006 WL 1875457 (S.D.Ill.))

Page 2

the defendant did not take the right steps when removing ... and ... a removed matter must be remanded if there are any defects in the removal procedure." Macri v. M & M Contractors, Inc., 897 F.Supp. 381, 384 (N.D.Ind.1995). Put another way, "[a] defendant seeking removal must strictly comply with all the statutory requirements, and where there is doubt as to whether the requirements have been satisfied, the case should be remanded." Ortiz v. General Motors Acceptance Corp., 583 F.Supp. 526, 529 (N.D.Ill.1984) (citation omitted). Further, the burden of proof is on a removing defendant to establish the right to removal, including strict compliance with the procedural requirements of the removal statutes. See id. at 530.

**B. Timeliness of Removal**

The parties to this case do not dispute that the jurisdictional prerequisites for removal in diversity are met, that is, Plaintiff and Defendants are of diverse state citizenship and an amount in excess of $75,000, exclusive of interest and costs, is in controversy. [FN1] Plaintiff raised a prompt objection to the timeliness of the removal of this case under 28 U.S.C. § 1446(b), and the sole issue for the Court to decide is whether Defendants complied with the procedural requirements of section 1446(b) by removing this case within thirty days of receiving notice, either through Plaintiff's complaint or through other paper, that the case is removable in diversity. The precise question presented by Plaintiff's request for remand is whether Defendants removed this case within thirty days of the date that they learned that an amount in excess of the jurisdictional minimum for diversity purposes is in controversy in this case.

> FN1. The record establishes that Plaintiff is a citizen of Illinois and that Defendants are citizens of Missouri, so that complete diversity of citizenship exists in this case. Also, the parties do not dispute that the jurisdictional amount in controversy is satisfied, see Meridian Sec. Ins. Co. v. Sadowski, 441 F.3d 536, 543 (7th Cir.2006), and for the reasons discussed infra the Court concludes that the jurisdictional minimum is met. The record does not establish the citizenship of Third-Party Defendant Kane Mechanical, Inc., but this has no bearing on the existence of federal subject matter jurisdiction in this case. In a removed case, the existence of federal subject matter jurisdiction is assessed as of the time of removal and is not affected by post-removal events. See Shaw v. DowBrands, Inc., 994 F.2d 364, 368 (7th Cir.1993); In re Amoco Petroleum Additives Co., 964 F.2d 706, 708-09 (7th Cir.1992). While it is the case that in some instances joinder of a non-diverse defendant after removal will require remand of a case removed from state court in diversity jurisdiction, see 28 U.S.C. § 1447(e), third-party claims lie within the supplemental jurisdiction of a federal court and are not required to be supported by an independent basis in federal subject matter jurisdiction. See Fidelity & Deposit Co. of Md. v. City of Sheboygan Falls, 713 F.2d 1261, 1266 (7th Cir.1983); National Accident Ins. Underwriters, Inc. v. Citibank, F.S.B., 243 F.Supp.2d 767, 768-69 (N.D.Ill.2002); May's Family Ctrs., Inc. v. Goodman's, Inc., 104 F.R.D. 112, 116 (N.D.Ill.1985). As used throughout this Memorandum and Order, the term "Defendants" does not include Third-Party Defendant Kane Mechanical, Inc.

Plaintiff contends that, if the allegations of his state-court complaint did not put Defendants on notice of a jurisdictionally-sufficient amount, then his response dated June 28, 2005, to a request for admissions served on him by Defendants in which he denied that less than $75,000, exclusive of interest and costs, is in controversy in this case should have alerted Defendants to the existence of diversity jurisdiction. Because Defendants failed to remove within thirty days of either service of the complaint or receipt of the response to the request for admissions, Plaintiff argues that the removal of this case is untimely. Defendants insist in their turn that the removal of this case is timely because the removal occurred within thirty days after Defendants received, on March 27, 2006, a certified transcript of a deposition of Plaintiff in which he testified to having $30,000 in medical bills as a result of the incident giving rise to this case, as well as $300,000 in lost wages, showing that the jurisdictional amount for diversity purposes is met in this instance. [FN2] In the Court's view, Plaintiff clearly has the better of the argument. Plaintiff's complaint, which alleges that he has contracted chronic skin disease as a result of Defendants' negligence, was sufficient to put Defendants on notice of the existence of diversity jurisdiction in this case. Even assuming for the sake of argument that the

complaint was insufficient to set in motion the thirty-day period for removal, Plaintiff's refusal to admit that less that the jurisdictional minimum for diversity purposes is in controversy in this case put Defendants on notice of the existence of federal jurisdiction.

> FN2. Defendants have not put the transcript of Plaintiff's deposition in the record. However, because the parties do not dispute that Plaintiff testified at his deposition in the manner described by Defendants, the Court will assume for purposes of the instant motion for remand the Plaintiff did so testify. See Sadowski, 441 F.3d at 543.

**1. Plaintiff's Complaint**

*3 This Circuit adheres of course to the view that the right of removal can be waived by a failure to effect timely removal where a defendant is on notice of the existence of federal subject matter jurisdiction in a case. See Wilson v. Intercollegiate (Big Ten) Conference Athletic Ass'n, 668 F.2d 962, 965-66 (7th Cir.1982) (holding that the time period for removal was not revived when the plaintiff added new federal claims to a complaint, because the original complaint contained allegations of constitutional violations such as to make the case removable at its inception); Jeffrey M. Goldberg & Assocs. v. Collins, Tuttle & Co., 739 F.Supp. 426, 430 (N.D.Ill.1990) (finding that the addition of a "new tortious interference claim" that did not change the basic legal theory in an initially removable complaint did not set running a new thirty-day period for removal); Herschman v. Travelers Ins. Co., No. 89 C 1109, 1989 WL 111848, at *2 (N.D.Ill. Sept. 21, 1989) (a defendant waived the right to remove a case where the initial complaint asserted federal claims when the case originally was filed; the addition of new federal claims to the complaint did not revive the defendant's right of removal). The purpose of requiring prompt removal of cases in which federal jurisdiction is apparent on the face of a complaint is to avoid gamesmanship. The "policy and purpose of Congress [is] to effect removals as early as possible and avoid unnecessary delay." Gilardi v. Atchison, Topeka & Santa Fe Ry. Co., 189 F.Supp. 82, 85 (N.D.Ill.1960). Correspondingly, courts should not encourage parties to "hold [ ] back" their "federal cards." Wilson, 668 F.2d at 966. "If a [defendant] has good grounds to remove a case to federal court, it cannot experiment in state court before seeking removal." Gallagher v. Max Madsen Mitsubishi, No. 90 C 0508, 1990 WL

129611, at *5 (N.D.Ill. Aug. 27, 1990). When a defendant fails to effect timely removal of a case that "[is] removable on the initial pleading, the plain language of ... [28 U.S.C.] § 1446(b) applies," so that "[if] the notice of removal [is] not filed within 30 days of the date [the defendant] was served with the original complaint, the removal [is] untimely." Id.

Consistent with the policy favoring prompt removal of cases, it is "a defendant's responsibility to ascertain from a reasonable and commonsense reading of the complaint whether the action is removable ." McCoy v. General Motors Corp., 226 F.Supp.2d 939, 941 (N.D .Ill.2002). Also, a defendant who wishes to remove a case to federal court cannot "wait for discovery responses that simply confirm what was obvious from the face of the complaint; in such cases, defendants are not insulated from a remand to state court." Id. It is not the law that "cases are not removable until there has been an absolute affirmation via discovery ... that more than $75,000 [is] in issue." Id. Instead, "courts have routinely held that when plaintiffs allege serious, permanent injuries and significant medical expenses, it is obvious from the face of the complaint that the plaintiffs' damages exceeded the jurisdictional amount, thus triggering the 30-day removal period under ... [28 U.S.C.] § 1446(b)." Id. (collecting cases). See also Century Assets Corp. v. Solow, 88 F.Supp.2d 659, 661 (E.D.Tex.2000) (noting that a complaint "can facially state a claim over the jurisdictional amount when there are *no* numbers in the [complaint] at all," and holding that removal was untimely where it was apparent from the allegations of a complaint that an amount sufficient to satisfy the requirements of diversity jurisdiction was in controversy) (emphasis in original) (collecting cases).

*4 In McCoy the court addressed the timeliness of the removal of a personal-injury case from state court. The complaint in McCoy asserted no demand for a specific damage amount, other than the $50,000 demand specified under Illinois Supreme Court Rule 222 for purposes of case assignment in Illinois state court. See 226 F.Supp.2d at 940. The defendant had removed the case within thirty days after the plaintiffs had admitted under Illinois Supreme Court Rule 216 that an amount in excess of the jurisdictional minimum for diversity purposes was in controversy. See id. In evaluating the timeliness of removal, the court noted that the plaintiffs' complaint alleged that they had suffered "lasting and permanent injuries ... and incurred bills related to ... medical,

Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 2006 WL 1875457 (S.D.Ill.)
(Cite as: 2006 WL 1875457 (S.D.Ill.))

Page 4

surgical, hospital, and nursing care for their injuries ... as well as ... [lost] wages and profits which they otherwise would have earned and acquired." *Id.* at 941. "Plaintiffs further claimed that they suffered ... severe pain, emotional distress, disability, lost value and enjoyment of life, future loss of income, medical expenses, loss of normal life, disfigurement and paralysis." *Id.*

The *McCoy* court held that the plaintiffs' allegations "should sound warning bells in defendants' ears that significant damages are sought" and that "it is obvious from a common-sense reading of the complaint that Plaintiffs were seeking in excess of $75,000 in damages," rendering removal of the case later than thirty days after service of the complaint untimely. 226 F.Supp.2d at 941. *See also Andrews v. E.I. Du Pont De Nemours & Co.,* 447 F.3d 510, 514-15 (7th Cir.2006) (addressing sua sponte on appeal the issue of subject matter jurisdiction in a case removed in diversity, and holding that jurisdiction was proper where the plaintiff's complaint sought damages "in excess of $50,000" and alleged "severe and permanent" injuries, and where discussion between the parties' counsel led the removing defendant to believe the plaintiff's medical and rehabilitation expenses alone would exceed $75,000, and the plaintiff did not challenge the removing defendant's estimate of his potential damage); *Rising-Moore v. Red Roof Inns, Inc.,* 435 F.3d 813, 815 (7th Cir.2006) (in a removed case arising from a slip-and-fall incident at a motel, holding that the amount in controversy was satisfied where the plaintiff's medical expenses and lost earnings amounted to $45,000, so that "[a] modest allowance for pain, suffering, and future losses (either income foregone or medical expenses incurred) brings the total over the threshold.").

In this case, Plaintiff alleges that the negligence of Defendants in spraying chemicals at the construction site where he was injured "caus[ed] plaintiff ... to sustain serious and permanent personal injuries." Complaint ¶ 3. Plaintiff alleges that he has suffered "great physical injuries," *id.* ¶ 4, and that "as a direct and proximate result of the negligence and carelessness of the defendants, ... plaintiff ... sustained injuries to his skin and body as a whole." *Id.* ¶ 5. Specifically, Plaintiff alleges that as a proximate result of Defendants' negligence "he incurred folliculitis, irritant contact dermatitis, mil[i]aria rubra and p[r]urigo nodularis." *Id.* Plaintiff alleges also that he "suffered, suffers and will in the future continue to suffer great physical pain and mental anguish." *Id.* Plaintiff alleges that "the function of all of the said areas and parts of plaintiff['s] ... body has been and will be in the future greatly impaired and diminished, and plaintiff['s] ... ability to work and to labor has been greatly diminished and that all of the plaintiff['s] ... injuries ... are permanent and progressive." *Id.* ¶ 6. Plaintiff alleges that "as a direct and proximate result of the said occurrence and injuries sustained by plaintiff ... [he] has been caused to incur medical expenses for medicines, doctors, x-rays, medical institutions and prescriptions and will in the future be required to expend further sums[.]" *Id.* ¶ 7. Plaintiff alleges also that "as a direct and proximate result" of his injuries, "plaintiff has been caused to lose time from [his] employment [.]" *Id.* ¶ 8. Finally, as per Illinois Supreme Court Rule 222, Plaintiff's counsel attests in support of the complaint that at least $50,000 is in controversy. *See id.* at 5-6.

*5 The allegations of Plaintiff's complaint assert a claim for personal injuries that clearly is worth an amount in excess of $75,000, exclusive of interest and costs. Plaintiff alleges that, as a result of Defendants' negligence, he suffers from chronic, painful skin disease. The Court judicially notices that *prurigo nodularis* is "[a] chronic disease of the skin marked by a persistent eruption of papules that itch intensely." *Stedman's Medical Dictionary* (27th ed.2000). *See also Hines v. Secretary of Dep't of Health & Human Servs.,* 940 F.2d 1518, 1525-26 (Fed.Cir.1991) (a court could take judicial notice of authoritative data regarding the incubation period of measles set out in a medical textbook); *Franklin Life Ins. Co. v. William J. Champion & Co.,* 350 F.2d 115, 130 (6th Cir.1965) (the court took judicial notice of the fact that cancer does not manifest itself quickly but lies dormant, typically for long periods). Naturally the Court does not mean to suggest that Plaintiff's allegations are true or that Plaintiff is likely to prevail on his claims. *See Peckmann v. Thompson,* 966 F.2d 295, 298 (7th Cir.1992) (an inquiry into subject matter jurisdiction is distinct from an inquiry into the merits of a case). However, it is clear to the Court that Plaintiff's allegations of chronic, severe skin disease, pain and suffering, and past and future medical expenses and lost earnings are such that they should have put Defendants on notice of the existence of a jurisdictionally-sufficient amount in controversy in this case within thirty days after service of the complaint. *See Andrews,* 447 F.3d at 514-15; *Rising-Moore,* 435 F.3d at 815; *McCoy,* 226

© 2008 Thomson/West. No Claim to Orig. US Gov. Works.

Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 2006 WL 1875457 (S.D.Ill.)
(Cite as: 2006 WL 1875457 (S.D.Ill.))

Page 5

F.Supp.2d at 941. Defendants' failure to remove the case within thirty days after service of the complaint is fatal to the removal of this case.

**2. Plaintiff's Response to Defendants' Request for Admissions**

After failing to remove this case within thirty days after service of Plaintiff's complaint, Defendants bypassed still another potential opportunity for removal after Plaintiff formally denied that the jurisdictional amount for diversity purposes is not satisfied in this case. On June 28, 2005, Plaintiff made the following responses to a request for admissions served on him by Defendants regarding the amount in controversy in this case:

> Defendants Jay Henges Enterprises, Inc., J. Henges Enterprises, Inc., Henges Interiors, Inc., and Henges Interiors, ... pursuant to Rule 216 of the Supreme Court Rules of Illinois, request[ ] plaintiff to admit the truth of the following matters:
> 1) That the amount in controversy does not exceed $75,000, exclusive of interest and costs.
> Denied
> 2) That plaintiff will not seek more than $75,000 in damages in the case.
> Denied
> 3) That plaintiff will not enforce any judgment in excess of $75,000, exclusive of interest and costs, in this case.
> Denied

Doc. 10, Ex. A. Just as "plaintiffs can't prevent removal by refusing to concede that the controversy exceeds the jurisdictional minimum," Rubel, 361 F.3d at 1020, so a plaintiff's denial of a request for an admission that an amount below the jurisdictional minimum for diversity purposes is in controversy in a case is "other paper" under 28 U.S.C. § 1446(b) authorizing removal of the case in diversity. See, e.g., Field v. National Life Ins. Co., No. 8:00-CV-989-T-24TBM, 2001 WL 77101, at *8 (M.D.Fla. Jan. 22, 2001); McLain v. American Int'l Recovery, Inc., 1 F.Supp.2d 628, 631 (S.D.Miss.1998); 14C Charles Alan Wright, Arthur R. Miller, Edward H. Cooper & Joan E. Steinman, Federal Practice & Procedure § 3732 (3d ed. 1998 & Supp.2006) (collecting cases).

*6 It is debatable, of course, whether Plaintiff's denial of Defendants' request for admissions was effective to revive Defendants' right to remove in this case, given the allegations of Plaintiff's complaint showing that a minimum amount sufficient for diversity purposes is in controversy. See Gallo v. Homelite Consumer Prods., 371 F.Supp.2d 943, 947-48 (N.D.Ill.2005) (holding that removal of a case was untimely, notwithstanding a plaintiff's admission that the jurisdictional amount for diversity purposes was in controversy, where the allegations of the complaint were sufficient to show the existence of a jurisdictionally-sufficient amount in controversy); McCoy, 226 F.Supp.2d at 941-43 (same). [FN3] In any event, Defendants failed to remove the case within thirty days of receipt of Plaintiff's denial of their requests for admissions regarding the amount in controversy. See Green v. Clark Ref. & Mktg., Inc., 972 F.Supp. 423, 425-26 (E.D.Mich.1997) (holding that removal was untimely where the defendants failed to remove within thirty days after receipt of responses to requests for admissions in which the plaintiff denied that she was not seeking in excess of $75,000). Whether the time to remove is measured from when Defendants received Plaintiff's complaint or when Defendants received Plaintiff's response to Defendants' request for admissions regarding the amount in controversy, it is clear that the removal of this case is untimely. See Thornton v. Signature Flight Support Corp., No. 04 C 5795, 2004 WL 2608291, at * *2-3 (N.D.Ill. Oct. 14, 2004) (holding that removal was untimely where the existence of a jurisdictionally-sufficient amount in controversy was clear from the allegations of the plaintiff's complaint and was made "even more clear" by the plaintiff's responses to interrogatories, yet the defendant failed to remove within thirty days of receipt of either); Campbell v. Bayou Steel Corp., 338 F.Supp.2d 896, 902-03 (N.D.Ill.2004) (removal was untimely where, although the allegations of the complaint were sufficient to put the defendants on notice of the existence of diversity jurisdiction, "[i]f Defendants entertained genuine doubts concerning the amount in controversy," such doubts should have been dispelled by the plaintiff's responses to interrogatories, yet the defendants failed to remove until after they had taken the plaintiff's deposition).

> FN3. In Plaintiff's response to Defendants' request for admissions, Plaintiff admitted that he is a citizen of Illinois, a fact that is not clear on the face of Plaintiff's complaint, which merely pleads that the transaction giving rise to this case occurred in St. Clair County, Illinois. See 735 ILCS 5/2-101(2). Assuming that Plaintiff's complaint did not put Defendants on notice of the existence of complete diversity of citizenship in this action, then Plaintiff's response to

© 2008 Thomson/West. No Claim to Orig. US Gov. Works.

Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 2006 WL 1875457 (S.D.Ill.)
(Cite as: 2006 WL 1875457 (S.D.Ill.))

Page 6

Defendants' request for admissions concerning his Illinois citizenship would permit Defendants to remove the action more than thirty days after service of the complaint. See *Deaker v. Bell Helicopter Textron, Inc.*, Civ.A. No. H-94-2387, 1995 WL 559359, at * *3-4 (S.D.Tex. Sept. 21, 1994).

The removal statutes require only that a defendant seeking a federal forum have a reasonable certainty of federal jurisdiction, not an absolute certainty. To effect removal, "all that a conscientious defendant needs is a reasonable basis in fact to believe that diverse citizenship and the amount requirements are satisfied." *Huntsman Chem. Corp. v. Whitehorse Techs., Inc.*, No. 97 C 3842, 1997 WL 548043, at *6 (N.D.Ill. Sept. 2, 1997). See also *Rubel v. Pfizer Inc.*, 276 F.Supp.2d 904, 908 (N.D.Ill.2003) (noting that all that is required for removal in diversity jurisdiction is "a good faith, minimally reasonable belief that the suit might result in a judgment in excess of [$75,000]"). Defendants' conduct in failing to remove this case after they were placed on notice of a jurisdictionally-sufficient amount in controversy for diversity purposes first by Plaintiff's complaint and later by Plaintiff's response to Defendants' request for admissions was not reasonable and therefore dooms the removal of this case. The Court notes that Defendants' delay in removing this case despite receiving clear evidence of federal subject matter jurisdiction on more than one occasion may have been prompted by something more than a desire to establish with perfect certainty the precise amount in controversy in this case. The record shows that this case was dismissed by the state court on December 29, 2005, for want of prosecution, apparently due to a clerical error, but was reinstated on Plaintiff's motion on January 9, 2006. See Doc. 1 at 17, 18-19, 20. Although it is clear from Defendants' request for admissions regarding the amount in controversy that Defendants were contemplating removal of this case as early as June 2005, *see id.* at 12-16, it was only after the dismissal and reinstatement of the case that Defendants at last sought removal. In short, the record in this case suggests jurisdictional gamesmanship of the kind that the policy favoring prompt removal of actions aims to prevent. See *Gallagher*, 1990 WL 129611, at *5 (stating that permitting a defendant to move to dismiss a case in state court, then, when the motion is denied, seek removal of the case to federal court undermines the policy underlying 28 U.S.C. § 1446(b)).

*7 The Court need not speculate about Defendants' motives in pursuing removal of this case so belatedly, other than to note that, in finding that the removal of this case is untimely, the Court is in accord with authority holding that a defendant may not avoid the statutory time limits on removal by insisting on amassing absolute proof of the existence of federal subject matter jurisdiction where only reasonable proof is required. While defendants should never remove cases where they have less than a reasonable certainty that the jurisdictional amount is satisfied, neither should they be able to toll the removal clock indefinitely through reliance on the discovery process to establish jurisdictional prerequisites with absolute certainty. See *Rubel*, 361 F.3d at 1020 (observing that courts cannot make local rules that condition removal on discovery responses and thus "block[ ] ... defendants from making an independent estimate of the amount in controversy."); *International Ins. Co. v. Saco Defense, Inc.*, No. 98 C 3628, 1998 WL 939680, at *5 (N.D.Ill. Jan. 8, 1998) (noting that the federal removal statutes do not favor "a defendant who ... sit[s] on his right to remove until such time as he deems it provident to discover from the plaintiff the requisite jurisdictional facts and remove the case to federal court."). In this case, Defendants ignored clear evidence of the existence of federal subject matter jurisdiction and failed to remove promptly under 28 U.S.C. § 1446(b). Plaintiff having raised a timely objection to this procedural defect in removal, the Court must remand this case.

CONCLUSION

For the foregoing reasons, Plaintiff's motion to remand (Doc. 10) is **GRANTED**. Pursuant to 28 U.S.C. § 1447(c), this action is **REMANDED** to the Circuit Court of the Twentieth Judicial Circuit, St. Clair County, Illinois, by reason of the untimeliness of the removal of this action.

**IT IS SO ORDERED.**

Not Reported in F.Supp.2d, 2006 WL 1875457 (S.D.Ill.)

END OF DOCUMENT

© 2008 Thomson/West. No Claim to Orig. US Gov. Works.

Westlaw.

Not Reported in F.Supp.2d  
Not Reported in F.Supp.2d, 2001 WL 436214 (N.D.Ill.)  
(Cite as: 2001 WL 436214 (N.D.Ill.))

Page 1

○Only the Westlaw citation is currently available.

United States District Court, N.D. Illinois, Eastern Division.  
Wayne B. FRANKE, Plaintiff,  
v.  
HEARTLAND EXPRESS, INC. of Iowa, et al., Defendants.  
No. 00 C 5222.

April 27, 2001.

MEMORANDUM OPINION AND ORDER

GOTTSCHALL, District J.

Background

*1 Plaintiff Wayne B. Franke filed a personal injury action in the Circuit Court of Cook County, Illinois, against Heartland Express, Inc. of Iowa, Heartland Express, Inc., n/k/a or d/b/a Belgian Team, Inc., Eric Eastep, and Warren Skinner. A Notice of Removal was filed with this court on August 24, 2000. The Notice of Removal purported to be filed in the name of defendant Eastep, and was signed by attorney James D. Ellman. There is some confusion about which defendants are represented by which attorneys, and this confusion goes to the adequacy of the Notice of Removal. An appearance was filed by attorneys James D. Ellman and Donald W. Devitt on September 22, 2000, but that appearance does not indicate which parties they represent. An appearance filed by attorney Steven J. Seidman indicates that he represents defendant Heartland Express, Inc., n/k/a or d/b/a Belgian Team, Inc. ("Belgian Team").

Defendant Eastep sought removal on the basis of diversity of citizenship. Eastep's Notice of Removal was filed unilaterally, and there is no indication that any of the other defendants have joined the Notice of Removal or have otherwise consented to removal to federal court. Defendant Belgian Team, through its attorney Steven J. Seidman, filed an objection to removal. Eastep's Notice of Removal alleged the following relevant facts:

1) Plaintiff was an Illinois citizen at the commencement of this action, and has since become a citizen of the State of Florida.  
2) Defendant Heartland Express, Inc. of Iowa was and is a Nevada corporation with its principal place of business in Iowa.  
3) Defendant Eric Eastep was and is a Kentucky citizen.  
4) Defendant Warren Smith, improperly named by the complaint as Warren Skinner, was an Indiana resident, [FN1] and has been deceased since December, 1996.

> FN1. It should be noted here that citizenship, as distinguished from residency, is the determinative factor when considering diversity jurisdiction.

5) Defendant Heartland Express, Inc. is an improper party to the lawsuit and has no relation to the accident which forms the basis of this lawsuit.  
6) Belgian Team [FN2] was not named as a defendant in the original lawsuit or in an amended complaint, and the statute of limitations has expired on any claim against Belgian Team, since the accident occurred on May 23, 1994.

> FN2. The parties' submissions to this court do not clarify what, if any, relationship exists between Heartland Express, Inc. and Belgian Team, Inc. Nor do the parties explain in any detail any difference in the way these two entities were treated in the state court pleadings. Thus, the apparent distinction between the two in Eastep's Notice of Removal is inexplicable and is not maintained throughout Eastep's later submissions.

Belgian Team, through its attorney Steven J. Seidman, filed an objection to removal. Plaintiff also objected to removal and filed a motion to remand. For the reasons set forth below, this action is remanded to the Circuit Court of Cook County.

Analysis

In order to remove a case from state court to federal court, all defendants must either join in the petition for removal or otherwise consent to removal. See 28 U.S.C. § 1446(b); Shaw v. Dow Brands, Inc., 994 F.2d 364, 368 (7th Cir.1993). If not all defendants have consented, the defendant seeking removal must explain the absence of the co-defendants, and the

© 2008 Thomson/West. No Claim to Orig. US Gov. Works.

Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 2001 WL 436214 (N.D.Ill.)
(Cite as: 2001 WL 436214 (N.D.Ill.))

Page 2

failure to set out such an explanation renders the petition facially defective. See Shaw, 994 F.2d at 368 (citing Northern Illinois Gas v. Airco Industrial Gases, 676 F.2d 270, 273 (7th Cir.1982)). A removing defendant may explain such absence of consent by showing that the co-defendant was not served, that the co-defendant was fraudulently joined, or that the co-defendant is a nominal party. See Thomas v. Klinkhamer, No. 00 C 2654, 2000 WL 967984, at *3 (N.D.Ill. Jul. 10, 2000); Gallagher v. Max Madsen Mitsubishi, No. 90 C 0508, 1990 WL 129611, at *7 (N.D.Ill. Aug. 27, 1990). Where a defendant asserts that a co-defendant was fraudulently joined, then that defendant bears a "heavy burden to establish fraudulent joinder. The defendant must show that, after resolving all issues of fact and law in favor of the plaintiff, the plaintiff cannot establish a cause of action against the [co-]defendant." Poulos v. Naas Foods, Inc., 959 F.2d 69, 73 (7th Cir.1992). This inquiry is made without respect to the plaintiff's actual motive in joining the defendant. See id. at 73. Similarly, the burden of alleging and proving that a co-defendant is a nominal party rests with the removing party. Jernigan v. Ashland Oil Co., 989 F.2d 812, 815-16 (5th Cir.1993); M.D.C. Wallcoverings v. State Bank of Woodstock, No. 90 C 20089, 1990 WL 304189, at *3 (N.D.Ill. Sep. 10, 1990). Closely related to the fraudulent joinder inquiry, the determination of whether a party is nominal turns on whether there is any basis for predicting that the party could be held liable. Shaw, 994 F.2d at 369.

*2 The Notice of Removal in this case is facially defective. The Notice indicated that it was brought by Eric Eastep and was signed by attorney James D. Ellman. Nowhere does the Notice indicate that any other defendants joined in it. Nor has any other defendant filed a separate consent to removal. Although the Notice arguably provides explanations for the absence of defendants Warren Skinner and Belgian Team, there is no explanation for the absence of defendant Heartland Express of Iowa, an entity distinct from the Belgian Team entity. Because the appearance filed by James D. Ellman was defective, in that it does not indicate which parties he represents, the court can only assume that the Notice was filed on behalf of defendant Eastep alone. As it stands, the court sees nothing to indicate that defendant Heartland Express, Inc. of Iowa has joined in Eastep's efforts to remove. Because the burden is on defendant to explain the absence of consent, the court finds that the Notice of Removal is defective,

and remands the action to state court. See Northern Illinois, 676 F.2d at 273.

Aside from the absence of Heartland Express of Iowa, the court finds a second, independent basis for remanding this case. Defendant Belgian Team objected to removal, yet Eastep has not carried the "heavy burden" of showing that Belgian Team was fraudulently joined or is a nominal party. Eastep's primary explanation for the absence of Belgian Team is that Belgian Team was fraudulently joined because any claims against Belgian Team are barred by the statute of limitations. Eastep, however, provides the court with very little information with which to conduct even an initial review of this contention. The state court record submitted to this court contains only a Complaint at Law filed with the Circuit Court of Cook County on July 13, 2000. That complaint names as defendants both Heartland Express, Inc. of Iowa and Heartland Express, Inc. n/k/a or d/b/a Belgian Team, Inc., along with Eastep and Skinner. The complaint also indicates that it is a refiling of a previously dismissed complaint, but no earlier pleadings have been provided to this court. Although Eastep states that the date of the accident was May 23, 1994, there is no indication of the date when Belgian Team was first joined as a defendant. Moreover, Eastep does not cite the applicable statute of limitations, or even indicate how long the limitations period is. In short, Eastep has not carried his burden of establishing that claims against Belgian Team are time-barred. The plaintiff has also raised the possibility that the statute of limitations would be tolled because of a legal disability, although he has not provided any further elaboration on this possibility. The court is also concerned about the possibility that plaintiff would be able to maintain claims against Belgian Team under the relation back doctrine. The court simply does not have enough information to make even an initial determination about whether the claims against Belgian Team are time-barred. Thus, the court is unwilling to find that Belgian Team was fraudulently joined. Because Belgian Team objected to removal, remand is appropriate.

*3 Finally, Eastep argues, without any elaboration, that Belgian Team is a nominal defendant. A nominal defendant is one who does not have any real interest in the litigation, or one against whom there is no reasonable basis for predicting liability. See Shaw, 994 F.2d at 369; Selfix, Inc. v. Bisk, 867 F.Supp. 1333, 1335 (N.D.Ill.1994). The complaint, on its

© 2008 Thomson/West. No Claim to Orig. US Gov. Works.

Not Reported in F.Supp.2d  
Not Reported in F.Supp.2d, 2001 WL 436214 (N.D.Ill.)  
**(Cite as: 2001 WL 436214 (N.D.Ill.))**

Page 3

face, does not indicate that Belgian Team is being charged as a defendant only in a nominal, possessory role. Rather, the complaint asserts that Eastep is an employee and agent of both Heartland Express of Iowa and Belgian Team. [FN3] On the record at this point, it is impossible for the court to ascertain the relationship between the Heartland Express of Iowa and Belgian Team, or to distinguish their roles in the alleged accident. As with the statute of limitations inquiry, Eastep has not carried his burden of establishing that Belgian Team is a nominal party.

> FN3. The state court complaint treats Heartland Express of Iowa and Belgian Team as if they were one entity, except that they are named as separate defendants. Eastep appears to claim that this treatment amounted to an admission that they are one and the same. The pleadings, however, have consistently named the two as separate defendants. Again, the court does not have enough information to determine the nature of the relationship between the two.

For the foregoing reasons, plaintiff's motion to remand is granted. This case is hereby remanded to the Circuit Court of Cook County.

Not Reported in F.Supp.2d, 2001 WL 436214 (N.D.Ill.)

END OF DOCUMENT

© 2008 Thomson/West. No Claim to Orig. US Gov. Works.

Westlaw.

Not Reported in F.Supp.
Not Reported in F.Supp., 1994 WL 86020 (N.D.Ill.)
(Cite as: 1994 WL 86020 (N.D.Ill.))

Page 1

COnly the Westlaw citation is currently available.

United States District Court, N.D. Illinois, Eastern Division.
Edward MARTIN, Jr., Plaintiff,
v.
Helen S. HARSHBARGER, Defendant.
No. 94 C 1210.

March 14, 1994.

MEMORANDUM OPINION AND ORDER

LINDBERG, District Judge.

*1 Plaintiff, Edward Martin, Jr., filed a three count complaint on January 24, 1994, in the Circuit Court of the Twelfth Judicial Circuit, Will County, Illinois. Named as defendants were Helen S. Harshbarger in her capacity as the Clerk of the Circuit Court of Will County, Illinois, and Thomas Fitzgerald in his capacity as Sheriff of Will County, Illinois. On February 25, 1994, defendant Harshbarger filed a notice of removal of the state court action to this court.

In her notice of removal, defendant Harshbarger states:
  3. This petition [sic] is being filed within 30 days of receipt of service, by defendant, of the complaint.
In an affidavit attached to the notice of removal, it is stated:
  I, Cara LeFevour Smith, being first duly sworn upon oath, deposes [sic] and states [sic]:
  ....
  2. That on February 24th, 1994, I called Norma J. Guess, of Moss & Bloomberg, Ltd., counsel for Defendant Thomas Fitzgerald and inquired as to whether defendant Fitzgerald had an objection to removal of this matter to Federal Court; and
  3. Defendant Fitzgerald had no objection to removal.
There is no indication of when defendant Fitzgerald may have been served with or otherwise received a copy of the complaint, and only the statement in paragraph three of the notice of removal to suggest the period within which defendant Harshbarger was served with or otherwise received a copy of the complaint.

As with all notices of removal and new complaints, this court has made an initial review of defendant Harshbarger's notice of removal shortly after its filing. Although that review did not reveal any lack of subject matter jurisdiction, it did reveal serious and likely non-curable problems. Because less than thirty days has elapsed since defendant Harshbarger filed her notice of removal, see 28 USC § 1447(c), the court will *sua sponte* remand this action to the Circuit Court of the Twelfth Judicial Circuit, Will County, Illinois, based upon these serious, albeit non-jurisdictional, defects in removal. See Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, 14A *Federal Practice and Procedure* § 3739, at 166 (West 2d Ed.1993 Supp.). See also *Fields v. Reichenberg, 643 F.Supp. 777 (N.D.Ill.1986); Darras v. Trans World Airlines, Inc., 617 F.Supp. 1068 (N.D.Ill.1985).*

The statute governing what actions are removable states in part:
  (a) Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending....
28 USC § 1441(a). The statute governing the procedure for removal states:
  (a) A defendant or defendants desiring to remove any civil action ... from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants.
*2 28 USC § 1446(a). The rule is that all defendants over whom the state court has acquired jurisdiction must join in the notice of removal. See, e.g., *Creekmore v. Food Lion, Inc., 797 F.Supp. 505, 508 (E.D.Va.1992); Knickerbocker v. Chrysler Corporation, 728 F.Supp. 460 (E.D.Mich.1990); Fellhauer v. City of Geneva, 673 F.Supp. 1445, 1447*

© 2008 Thomson/West. No Claim to Orig. US Gov. Works.

Not Reported in F.Supp.  
Not Reported in F.Supp., 1994 WL 86020 (N.D.Ill.)  
**(Cite as: 1994 WL 86020 (N.D.Ill.))**

Page 2

(N.D.Ill.1987); *Fields v. Reichenberg,* 643 F.Supp. 777, 778 (N.D.Ill.1986); *Darras v. Trans World Airlines, Inc.,* 617 F.Supp. 1068, 1069 (N.D.Ill.1985). See also Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, 14A *Federal Practice and Procedure* § 3731, at 504-07 (West 2d Ed.1985). Although it is not necessary that all defendants sign the notice of removal, this does require that each defendant who has been served must at least communicate his or her consent to the court within thirty days after his or her receipt of the initial pleading containing the removable claim. *Fellhauer v. City of Geneva,* 673 F.Supp. 1445, 1447 (N.D.Ill.1987); *Creekmore v. Food Lion, Inc.,* 797 F.Supp. 505, 508 (E.D.Va.1992); *Knickerbocker v. Chrysler Corporation,* 728 F.Supp. 460 (E.D.Mich.1990). Although there is authority for the proposition that this communication to the court may be oral, see *Fellhauer v. City of Geneva,* 673 F.Supp. 1445, 1447 (N.D.Ill.1987), the reference in the statute to "a notice of removal signed pursuant to Rule 11," 28 USC § 1446(a), suggests that a defendant's communication of his or her consent to removal must be in a writing signed by that defendant or by his or her attorney. *Creekmore v. Food Lion, Inc.,* 797 F.Supp. 505, 508 (E.D.Va.1992); FRCP 11.

In the case at bar, defendant Fitzgerald did not join in defendant Harshbarger's notice of removal. The question then is, did defendant Fitzgerald consent to removal. All that defendant Harshbarger has provided in this regard is an affidavit of her attorney, Cara LeFevour Smith, stating that Ms. Smith had contacted defendant Fitzgerald's attorney who told Ms. Smith that "Defendant Fitzgerald had no objection to removal." This is insufficient in two respects. First, the requirement of unanimity of defendants means that each defendant must at least consent to removal. Not objecting to removal is not the same as consenting to removal. Second, defendant Fitzgerald's consent was required to be communicated to the court in a writing signed by either defendant Fitzgerald or his attorney, not communicated to defendant Harshbarger's counsel orally to be passed on to the court. See *Creekmore v. Food Lion, Inc.,* 797 F.Supp. 505, 508 (E.D.Va.1992). Thus, even if not objecting were the same as consenting to removal, defendant Fitzgerald's non-objection was not properly communicated to the court.

Because defendant Fitzgerald has not communicated his consent to removal to the court in writing within thirty days of his receipt of the complaint, this case will be remanded to the Circuit Court of the Twelfth Judicial Circuit, Will County, Illinois. The court notes that, even if defendant Fitzgerald had properly communicated consent to removal, there would remain several questions regarding the timeliness of removal in this case.

*3 The statute governing the procedure for removal provides in part:

(b) The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

28 USC § 1446(b). The complaint filed in state court contains a stamp indicating that it was filed at 10:45 a.m. on January 24, 1994. The notice of removal was filed in this court on February 25, 1994. To be timely, it is necessary that neither defendant have been served or otherwise have received a copy of the complaint before January 26, 1994. This is because if defendant Harshbarger was served or received a copy of the complaint prior to that date, the notice of removal was filed more than thirty days after her receipt of a copy of the complaint; and if defendant Fitzgerald was served or otherwise received a copy of the complaint prior to that date, his purported consent was communicated to the court more than thirty days after his receipt of a copy of the complaint. Given the offices of the defendants, the very court clerk with whom the complaint was filed and the sheriff of the same county, it is entirely possible that these defendants would have been served or otherwise have received copies of the complaint on January 24 or 25 of 1994. The notice of removal, although it seems to rule out defendant Harshbarger's having been served with a copy of the complaint, does not appear to rule out her having otherwise received a copy of the complaint prior to January 26, 1994. Moreover, it is entirely silent with respect to when defendant Fitzgerald was served or otherwise received a copy of the complaint. Therefore, the notice of removal is insufficient with respect to its statements regarding its timeliness. This also is grounds for a remand of this action, because:

It is well established that the burden is on the party

Case 1:08-cv-00170   Document 17   Filed 02/07/2008   Page 15 of 15

Not Reported in F.Supp.
Not Reported in F.Supp., 1994 WL 86020 (N.D.Ill.)
(Cite as: 1994 WL 86020 (N.D.Ill.))

Page 3

seeking to remove to establish his right and the case should be remanded if there is doubt as to the right of removal in the first instance. *Jones v. General Tire & Rubber Co.*, 541 F.2d 660, 664 (7th Cir.1976).

There is also a rather unusual timeliness issue lurking in this case. Defendant Harshbarger is the Clerk of the Circuit Court of Will County, Illinois. This action was initiated by the filing of a complaint clearly naming her as a defendant in her capacity as court clerk. This complaint was filed in her office on January 24, 1994. The unusual timeliness issue is whether defendant Harshbarger's receipt for filing of the complaint suing her in her capacity as court clerk constituted her receipt of a copy of the complaint "by service *or otherwise*." See 28 USC § 1446(b) (emphasis added).

*4 There may be a similar issue with respect to defendant Fitzgerald. He is sued in his capacity as Sheriff of Will County. If the summons was placed with the sheriff for service on one or both defendants, the question of whether the receipt by his office for service would constitute receipt of a copy of the complaint "by service or otherwise" would be presented. 28 USC § 1446(b). See 735 ILCS 5/2-202(a). This issue might not be present in this case: the summons and complaint may not have been placed for service immediately or, given the sheriff's role as a litigant, see 735 ILCS 5/2-202(a) (service by to be by the coroner "if the sheriff is disqualified"), the sheriff may not have served process in this case. However, it would be necessary to inquire into this issue if this case were not being remanded on other grounds.

ORDERED: The court, *sua sponte*, remands this case to the Circuit Court of the Twelfth Judicial Circuit, Will County, Illinois.

Not Reported in F.Supp., 1994 WL 86020 (N.D.Ill.)

END OF DOCUMENT

© 2008 Thomson/West. No Claim to Orig. US Gov. Works.