# Exhibit E

Jones, J.

Scott S. McKessy (SM-5479)
Casey D. Laffey (CL-1483)
REED SMITH LLP
599 Lexington Avenue
New York, New York 10022
Tel. (212) 521-5400
Fax. (212) 521-5450

Attorneys for Plaintiff
Wachovia Bank, National Association

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
WACHOVIA BANK, National Association,    :
                                        :
              Plaintiff,                :    Civil Action No. 07 CIV. 11230
                                        :
       - against -                      :
                                        :
MAJAPARA CASA DE CAMBIO S.A. de C.V.,   :
                                        :
              Defendants.               :
-----------------------------------------------------------X

**MEMORANDUM OF LAW IN SUPPORT
OF PLAINTIFF'S APPLICATION FOR A TEMPORARY
<u>RESTRAINING ORDER AND PRE-JUDGMENT ORDER OF ATTACHMENT</u>**

REED SMITH LLP
599 Lexington Avenue, 29th Floor
New York, New York 10022
(212) 521-5400

*Attorneys for Plaintiff
Wachovia Bank, National Association*

## **PRELIMINARY STATEMENT**

Plaintiff Wachovia Bank, National Association ("Wachovia" or "Plaintiff") submits this Memorandum of Law, along with the accompanying Declaration of Carlos A. Perez, dated December 13, 2007 ("Perez Decl."), and Declaration of Scott S. McKessy, dated December 13, 2007 ("McKessy Decl."), in support of its instant application, brought by Order to Show Cause, pursuant to Fed. R. Civ. P. 64, for a temporary restraining order and a pre-judgment order of attachment as to the assets of, and debts owed to, defendant Majapara Casa De Cambio S.A. de C.V. ("Majapara" or "Defendant").

Wachovia is a national bank. One of the services it afforded to its clients was a platform for engaging in foreign exchange spot transactions. Majapara is located in Mexico and engaged in the business of retail and wholesale foreign exchange. In foreign exchange spot transactions, entities agree to multi-million dollar currency exchanges that are to be settled on one or two days notice. As a result, the cornerstone of these transactions is trust. An entity engaging in foreign exchange spot transactions that fails to settle a transaction becomes untrustworthy, meaning two things: (1) that that entity is in dire financial straits; and (2) that that entity will never again engage in such transactions with any substantial institution.

Here, we have just that situation -- but made even worse by Majapara's subsequent conduct. On December 5, 2007, Majapara entered into foreign exchange contracts with Wachovia with the total value of all currency being exchanged exceeding $75 million (US$). The bulk of the transactions consisted of Wachovia delivering to Majapara approximately 26 million Euros in exchange for Majapara delivering to Wachovia approximately $38 million US Dollars. On December 7th, the parties were to have delivered their respective currencies to each other: **Wachovia did;** *Majapara did not.* Not only did Majapara renege on the foreign exchange contracts, it also decided to abscond with the more than 30 million Euros Wachovia transferred to it, and used those funds to payoff other obligations and make impermissible loans. Further, Majapara is a non-domiciliary with little known assets here in the United States, and has represented to Wachovia that it is now illiquid, cannot pay its debts as they come due, and has

threatened that Wachovia will not recover any money from Majapara if Wachovia enforces its rights against Majapara. This direct threat to frustrate recovery of any judgment only confirms that Majapara intends to take steps to secrete its assets from Wachovia's reach.

Consequently, the instant application for an award of a pre-judgment attachment and temporary restraints is desperately needed and should be granted for each of the following reasons:

- Attachment is proper under CPLR § 6201(1) as Majapara is a non-domiciliary foreign corporation not qualified to do business in the state;

- Attachment is proper under CPLR § 6201(3) as Majapara intends to remove assets from Wachovia's reach with the intention of frustrating the enforcement of an eventual judgment in favor of Wachovia; and

- Wachovia is more than likely to succeed on the merits of its claim for $24,711,845.00, while Majapara has no counterclaims against Wachovia.

## STATEMENT OF FACTS

The Court is respectfully referred to the accompanying Declaration of Carlos A. Perez, dated December 13, 2007, and the Complaint filed in this action, for a full and complete rendition of the applicable facts.

## ARGUMENT

### POINT I

### PLAINTIFF IS ENTITLED TO AN ORDER AWARDING PRE-JUDGMENT ATTACHMENT

Pursuant to Fed. R. Civ. P. 64, "at the commencement of and throughout an action, every remedy is available that, under the law of the state where the court is located, provides for seizing a person or property to secure satisfaction of the potential judgment." Consequently, this Court will look to New York State law governing the issuance of pre-judgment attachments. Thornapple Assocs., Inc. v. Sahagen, 2007 WL 747861, at *2 (S.D.N.Y. Mar. 12, 2007). Under New York law, orders of attachment are governed by Article 62 of New York's Civil Practice

Law and Rules ("CPLR"). CPLR § 6201 provides, in applicable part, that an order of attachment may be granted under one of several statutorily enumerated circumstances including when:

> (1)   the defendant is a nondomiciliary residing without the state, or is a foreign corporation not qualified to do business in the state; or
>
> * * * *
>
> (3)   the defendant, with intent to defraud his creditors or frustrate the enforcement of a judgment that might be rendered in plaintiff's favor, has assigned, disposed of, encumbered or secreted property, or removed it from the state or is about to do any of these actions . . . .

Additionally, a plaintiff seeking a pre-judgment attachment must demonstrate: (1) that it has one or more valid causes of action; (2) that it is probable that plaintiff will succeed on the merits; and (3) that the amount demanded from the defendant exceeds all counterclaims known to the plaintiff. CPLR § 6212(a); Thornapple Assocs., 2007 WL 747861, at *2. As set forth below, Wachovia has demonstrated each of these elements entitling it to an order of attachment.

### A.   Wachovia is Entitled to an Order of Attachment Under CPLR § 6201(1)

First, Wachovia is entitled to an order of attachment under CPLR § 6201(1). As noted above, a plaintiff is entitled to an order of attachment under CPLR § 6201(1) upon a showing that "the defendant is a nondomiciliary residing without the state, or is a foreign corporation not qualified to do business in the state." CPLR §§ 6201(1). Here, we have both: Majapara is a Mexican entity (non-domiciliary) and is a foreign corporation not authorized to do business in New York. See Perez Decl. ¶ 5; Complaint ¶ 6.

Accordingly, CPLR § 6201(1) is satisfied two ways. See, e.g., Thornapple Assocs., 2007 WL 747861, at *3 (holding that plaintiff satisfied CPLR § 6201(1) by demonstrating that defendant was a Delaware company not registered to do business in New York); OSRecovery, Inc. v. One Groupe Int'l, Inc., 305 F.Supp.2d 340, 348 (S.D.N.Y. 2004) ("The record before the Court establishes that all of the corporate One Groupe Defendants are foreign corporations not qualified to do business in New York . . . and that plaintiffs are likely to prevail against them. They therefore are entitled to an order of attachment with respect to any assets of those

defendants in the State of New York."); Olbi USA, Inc. v. Agapov, 283 A.D.2d 227, 724 N.Y.S.2d 839, 840 (1st Dep't 2001) (reversing vacatur of order of attachment and holding that plaintiff satisfied CPLR § 6201(1) by showing that defendant was a non-domiciliary and plaintiff had a likelihood of success on the merits).

Some courts, however, although not required by the statute itself, have required a plaintiff seeking an attachment under CPLR § 6201(1) against a foreign corporation or foreign individual who is otherwise subject to personal jurisdiction in New York, to show that the defendant's "financial position and conduct pose a significant risk of the enforcement of a future judgment." Thornapple Assocs., 2007 WL 747861, at *5 (citing Ames v. Clifford, 863 F.Supp. 175, 177 (S.D.N.Y. 1994)).

Wachovia has satisfied this additional element too. As set forth in the Perez Decl., Majapara has conceded that it is now illiquid and has specifically threatened to make any judgment obtained in court uncollectible. Moreover, Majapara's primary business is/was foreign exchange transactions: based upon it becoming "less than trustworthy," it has effectively put itself "out of business." Further, Majapara has conceded that it has used the $38,000,000 that it failed to remit to Wachovia to improperly fund its other obligations and make impermissible loans. Perez Decl. ¶¶ 13-21; Complaint ¶¶ 11-13. This conduct is not permitted and raises serious questions about Majapara's integrity and intentions on keeping any of its assets in the United States. Perez Decl. ¶ 4. Therefore, until Majapara's New York assets are attached, there is more than a substantial risk that they will be transferred out of the jurisdiction, or country for that matter, potentially preventing Wachovia from enforcing a judgment obtained in this action.

**B.     Wachovia is Entitled to an Order of Attachment Under CPLR § 6201(3)**

In addition, even if Majapara was a domiciliary of New York or authorized to do business in the state -- neither of which is the case -- plaintiff would still be entitled to an order of attachment under CPLR § 6201(3). In order to prevail under CPLR § 6201(3), a plaintiff must demonstrate: (1) that the defendant has, or is about to conceal his or her property; and (2) that defendant has acted or will act with the intent to defraud his or her creditors or to frustrate the

enforcement of a judgment for the plaintiff. Capital Ventures Int'l v. Republic of Argentina, 443 F.3d 214, 219 (2d Cir. 2006); Societe Generale Alsacienne De Banque, Zurich v. Flemingdon Development Corp., 118 A.D.2d 769, 772, 500 N.Y.S.2d 278, 281 (2d Dep't 1986).

As noted above, Majapara has demonstrated an overall intent to frustrate Wachovia's efforts to collect a judgment in New York. Majapara has conceded that it is illiquid, has failed to settle its currency exchange transactions with Wachovia, and has refused to transfer the remaining $24,711,845.00 owed to Wachovia, actions which will effectively prevent Majapara from ever engaging in foreign exchange spot transactions again. Perez Decl. ¶¶ 14-21; Complaint ¶¶ 11-13. Finally, Majapara concedes that it used Wachovia's currency to improperly fund its other obligations and to make impermissible loans. Perez Decl. ¶¶ 17-18. Majapara's actions, taken together, suggest a clear intention to transfer its remaining assets outside the jurisdiction in order to keep true to its promise to frustrate any collection efforts by Wachovia.

Consequently, Wachovia is entitled to an order of pre-judgment attachment to prevent Majapara from further frustrating its attempts to enforce a judgment in this action. See, e.g., Arzu v. Arzu, 190 A.D.2d 87, 92, 597 N.Y.S.2d 322, 325 (1st Dep't 1993) (holding attachment warranted "[i]n light of [defendant]'s patently incredible and almost entirely undocumented explanation as to what happened to hundreds of thousands of dollars belonging to plaintiff . . . ."); Mineola Ford Sales Ltd. v. Rapp, 242 A.D.2d 371, 371–72, 661 N.Y.S.2d 281, 282 (2d Dep't 1997) (affirming order of attachment upon showing of, *inter alia*, diversion of funds rightfully belonging to plaintiff).

C.  **Wachovia is Likely to Succeed on the Merits**

In addition, Plaintiff will likely succeed on the merits of its claims. As set forth in the Perez Decl. and Complaint, on or about December 5, 2007, Majapara agreed to a series of seven foreign exchange spot transactions worth over $38,000,000 with Wachovia, all of which were to be settled on December 7, 2007. Perez Decl. ¶ 13; Complaint ¶ 11.

Majapara, never delivered the money it promised and, instead, withheld over $38,000,000 in currency owed to Wachovia. Perez Decl. ¶ 14; Complaint ¶¶ 12, 19. To date, Majapara has

-5-

failed to return the money rightfully belonging to Wachovia, but, instead, has improperly used Wachovia's funds to payoff its other obligations and to make impermissible loans to other entities. Accordingly, Wachovia has demonstrated a more than likelihood of success on the merits of its claims. See, e.g., Tampimex Oil Ltd. v. Latina Trading Corp., 558 F. Supp. 1201, 1203-04 (S.D.N.Y. 1983); Russian-Brazilian Holdings, Inc. v. Saraev, 197 A.D.2d 391, 391–92 602 N.Y.S.2d 352, 353 (1st Dep't 1993).

### D. Wachovia is Seeking Over $24,000,000.00 in Damages, While Defendant Has No Counterclaims

Finally, the amount that Wachovia demands in the Complaint clearly exceeds any potential counterclaims to be asserted by Majapara. As set forth in the Complaint, Wachovia has suffered over $24,000,000.00 in damages, while Majapara has not expressed any intent to assert -- nor can it assert -- any viable counterclaims in this action. Under these circumstances, the final requirement of CPLR Article 62 is satisfied. See, e.g., Capital Ventures Int'l, 443 F.3d at 219 ("There was no evidence of any counterclaims against CVI, much less any that would exceed the $ 111 million demanded from Argentina.").

### POINT II

### A TEMPORARY RESTRAINING ORDER MUST BE ENTERED TO PRESERVE THE STATUS QUO PENDING DETERMINATION OF PLAINTIFF'S MOTION

A temporary restraining order is required to preserve the status quo pending determination of Wachovia's motion for an order of attachment. As noted above, Majapara has conceded that it is illiquid, has already attempted to remove certain funds from its Wachovia accounts, and its actions have effectively caused itself to go out of business. Unless immediately restrained pending a determination of Wachovia's motion, Majapara is likely to attempt to remove its remaining assets from the jurisdiction, potentially rendering a judgment in this action ineffectual. Under these circumstances, courts have determined that temporary restrains prior to any determination on the application for attachment are appropriate. See, e.g., Experience Hendrix, LLC v. Chalpin, 461 F. Supp. 2d 165, 174 (S.D.N.Y. 2006); Sierra USA

Communications, Inc. v. Int'l Telephone & Satellite, Corp., 14 Misc.3d 528, 530, 824 N.Y.S.2d 560, 561 (Sup. Ct. N.Y. Co. 2006); New York Janitorial Service, Inc. v. Easthampton Dewitt Corp., 100 Misc. 2d 814, 816, 420 N.Y.S.2d 100, 101–02 (Sup. Ct. Onondaga Co. 1979).

## CONCLUSION

For the foregoing reasons and those set forth in the accompanying Perez Decl., McKessy Decl., and the Complaint, Wachovia's motion for a temporary restraining order and order of attachment should be granted in its entirety, along with such other and further relief as the Court deems just, proper, and equitable.

Dated:   New York, New York
         December 14, 2007

                                  REED SMITH LLP

By: _____
    Scott S. McKessy
    Casey D. Laffey
599 Lexington Avenue
New York, New York 10022
Tel. (212) 521-5400
Fax. (212) 521-5450

*Attorneys for Plaintiff*
*Wachovia Bank, National Association*