# Exhibit I

Case 1:08-cv-00170   Document 20-10   Filed 02/14/2008   Page 1 of 5

Scott S. McKessy (SM-5479)
Casey Laffey (CL-1483)
Reed Smith LLP
599 Lexington Avenue
New York, New York 10022
Tel. (212) 521-5400
Fax. (212) 521-5450

Attorneys for Plaintiff Wachovia Bank, National Association

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

WACHOVIA BANK, NATIONAL ASSOCIATION,  :  07 Civ. 11230 (BSJ)(RLE)

    Plaintiff,

- against -  :  **ORDER OF ATTACHMENT**

CASA DE CAMBIO MAJAPARA S.A. de C.V. a/k/a
MAJAPARA CASA DE CAMBIO S.A. de C.V.,

    Defendant.

------------------------------------------------------------------X

    Plaintiff Wachovia Bank, National Association ("Wachovia") having moved, by Order to Show Cause dated December 14, 2007, and Order to Show Cause dated December 17, 2007, pursuant to Fed. R. Civ. P. 64, and those motions having come on to be heard and considered by the Court,

    Now, upon the reading and filing of the Summons and Complaint dated December 14, 2007, the Amended Summons and Amended Complaint dated December 17, 2007, the Declaration of Carlos A. Perez dated December 13, 2007, the Declaration of Scott S. McKessy dated December 13, 2007, the Declaration of Carlos A. Perez dated December 16, 2007, the Declaration of Scott S. McKessy dated December 17, 2007, along with all exhibits annexed thereto, the accompanying Memorandum of Law dated

December 13, 2007, and the motion having come on to be heard on December 21, 2007, and due deliberation having been had, and

It appearing from the Amended Complaint and Declarations submitted by Wachovia that Wachovia has a cause of action for a money judgment against defendant Casa De Cambio Majapara S.A. de C.V. a/k/a Majapara Casa de Cambio S.A. de C.V. ("Majapara") for $24,810,975.00 with interest from December 7, 2007, and that it is probable that Wachovia will succeed on the merits and recover that sum from Majapara exceeding all counterclaims of which Wachovia is aware, and it is further appearing that Wachovia is entitled to an order of attachment against the property of Majapara on the grounds that: (a) Majapara is a non-domiciliary foreign corporation not qualified to do business in the state under CPLR § 6201(1); and (b) Majapara intends to remove assets from Wachovia's reach with the intention of frustrating the enforcement of an eventual judgment in favor of Wachovia under CPLR § 6201(3); and that the amount to be secured by this order of attachment, including any interest, costs, and fees and expenses to be paid to the United States Marshal, or other appropriate Federal or State Law Enforcement Agent, totals [at least] $24,810,975, and that Wachovia has furnished the undertaking required by law.

Now, on motion of Wachovia, it is hereby,

**ORDERED** that Wachovia's motions, dated December 14, 2007 and December 17, 2007, are granted, and it is further

**ORDERED** that Wachovia's undertaking is fixed in the sum of $1,000,000.00, which all or part may be paid to Majapara for costs and damages, including reasonable attorney's fees, that Majapara may sustain by reason of the attachment if Majapara

recovers judgment or it is finally decided that Wachovia was not entitled to an attachment of Majapara's property, and the balance of the undertaking is conditioned upon Wachovia's payment to the United States Marshal, or other appropriate Federal or State Law Enforcement Agent, all of his/her allowable fees, and it is further

**ORDERED** that the United States Marshal, or other appropriate Federal or State Law Enforcement Agent, *or by a licensed process server as retained by plaintiff's counsel* shall levy within his/her jurisdiction, at any time before final judgment, upon such property in which Majapara has an interest and upon such debts owing to Majapara as will satisfy $ *at least* 24,810,975.00, the amount of Wachovia's demand, together with probable interest, costs, and the fees owed to the United States Marshal, or other appropriate Federal or State Law Enforcement Agent; including but not limited to, the monies being maintained and to be maintained at the following banks:

        Citibank, N.A.
        399 Park Avenue
        New York, NY 10043
        (account number 36254838)

        JP Morgan Chase Bank, N.A.
        270 Park Avenue
        New York, NY 10017
        (account number unknown)

        Bayerische Hypo- und Vereinsbank, AG
        150 East 42nd St.
        New York, NY 10017
        (account number unknown)

        Deutsche Bank
        60 Wall Street
        New York, NY 10005
        (account number unknown)

        Standard Chartered Bank
        One Madison Avenue
        New York, NY 10010
        (account number unknown)

and it is further,

**ORDERED** that pending the levy and seizure of an amount equal to ^ [but not less than] $24,810,975. by the United States Marshal, or other appropriate Federal or State Law Enforcement Agent, Majapara shall be and hereby is enjoined and restrained from transferring, selling, pledging, assigning or otherwise disposing of any of its assets.

**IT IS FURTHER ORDERED THAT**, service of a copy of this Order via overnight mail and registered mail upon Majapara at its office located at Grecia No. 64, Colonia San Alvaro, Mexico City, C.P. 02090, Mexico, on or before December 21, 2007, be deemed good and sufficient service thereof.

Dated: New York, New York
       December 20, 2007

SO ORDERED:

_____
United States District Judge